## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| BARBARA TRIPP, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | |
| v. | Case No.: 1:24-CV-987-JMC |
| PERDUE FOODS LLC, | |
| *Defendant.* | |

## JOINT  CONSENT MOTION FOR EXTENSION OF TIME AND TO AMEND BRIEFING SCHEDULING FOR PENDING MOTIONS

Plaintiff Barbara Tripp ("Plaintiff") and Defendant Perdue Foods LLC ("Defendant") (collectively the "Parties") hereby jointly move this Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 105(9), to modify the current briefing schedule for Plaintiff's pending Motion for Conditional Certification (Dkt.19), Defendant's pending Motion to Dismiss or Transfer (Dkt. 20), and Defendant's pending Expedited Motion to Stay its Response to Plaintiff's Motion for Conditional Certification, the Rule 26(f) Conference, and Discovery Pending a Ruling on Defendant's Motion to Dismiss or, Alternatively, Transfer (hereinafter Defendant's "Motion to Stay") (Dkt. 21). For good cause, the Parties provide as follows:

1.      Plaintiff commenced this Collective Action by filing her Collective Action Complaint on April 4, 2024. Dkt. 1.

2.      On June 12, 2024, Plaintiff filed her Motion for Conditional Certification of a Collective Action. Dkt 19.

3.      On June 13, 2024, Defendant filed its Motion to Dismiss or Transfer. Dkt. 20.

4.      On June 14, 2024, Defendant filed its Motion to Stay, requesting expedited consideration. Dkt. 21.

5.      Presently, Defendant's Response in Opposition to Plaintiff's Motion for Conditional Certification is due June 26, 2024; Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or Transfer is due June 27, 2024; and her Response in Opposition to Defendant's Motion to Stay is due June 28, 2024 (collectively "Responsive Briefing").

6.      As such, the time for Defendant and Plaintiff to file their respective Responsive Briefing has not yet expired.

7.      However, due to prior-scheduled commitments in unrelated matters and the intervening July 4th holiday, the Parties require additional time to prepare and file their Responsive briefing. In order to allow for adequate review of the pending Motions, and to prepare thorough and appropriate Responses and Replies, the Parties respectfully request the Court adopt the following extensions and adjustments to the current briefing scheduling:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Defendant's Response to Plaintiff's Motion for Conditional Certification | June 26, 2024 | Four weeks after the date the Court rules on Defendant's Motion to Stay, if it is denied. |
| Plaintiff's Response to Defendant's Motion to Dismiss | June 27, 2024 | July 11, 2024 |
| Plaintiff's Response to Defendant's Motion to Stay | June 28, 2024 | July 11, 2024 |
| Defendant's Reply in Support of Its Motion to Dismiss | *July 11, 2024* | *August 8, 2024* |
| Defendant's Reply in Support of Its Motion to Stay | *July 12, 2024* | *August 8, 2024[1]* |

---

[1] Perdue seeks a two-week extension from the date. As such, the dates outlined herein with respect to the deadlines associated with its replies in support of its pending Motions reflect anticipated due dates, with the understanding Perdue's reply briefing will be due four weeks following Plaintiff's

8.      The Parties have not previously requested an extension to their Responsive Briefing, and this Motion is made in good faith and not for the purpose of undue delay.

9.      Counsel for the Parties have conferred and agree that extending these deadlines is necessary.[2] The Parties believe the proposed extensions are reasonable under the circumstances.

10.      A proposed Order granting the requested extension of time is submitted herewith.

11.      Additionally, the Parties waive a hearing on this motion.

WHEREFORE, for good cause shown, the Parties respectfully requests that this Honorable Court enter an order extending the briefing deadlines associated with Plaintiff's Motion for Conditional Certification, Defendant's Motion to Dismiss or Transfer, and Defendant's Motion to Stay.

Respectfully submitted this June 24, 2024,

| | |
|---|---|
| /s/ Gregg C. Greenberg | /s/ Robert R. Niccolini |
| Gregg Cohen Greenberg (Bar no:17291) | OGLETREE, DEAKINS, NASH, SMOAK |
| Robert W.T. Tucci | & STEWART, P.C. |
| ZIPIN, AMSTER & GREENBERG, LLC | |
| 8757 Georgia Avenue, Suite 400 | Robert R. Niccolini, D.MD No. 24873 |
| Silver Spring, MD 20910 | 1909 K Street, N.W., Suite 1000 |
| (301) 587-9373 | Washington, DC  20006 |
| ggreenberg@zagfirm.com | Tel:  (202) 887-0855 |
| rtucci@zagfirm.com | Fax:  (202) 887-0866 |
| | Email:  robert.niccolini@ogletreedeakins.com |
| Jamie Crooks (admitted pro hac vice) | |
| Michael Lieberman | Margaret Santen, Pro Hac Pending |

filing her Response in Opposition to Defendant's Motion to Dismiss or Transfer and Motion to Stay.

[2] Plaintiff believes the delays and/or extensions related to her pending Motion for Conditional Certification will likely prejudice the rights of future opt-in Plaintiffs, given that the statute of limitations for all putative plaintiffs continue to run until they file a consent to join with the Court. See 29 U.S.C. § 256(b); see also Hansen v. Waste Pro of S.C., Inc., No. 17-cv-02654, 2020 WL 1892243, at *8 (D.S.C. Apr. 16, 2020) ("The FLSA requires that the statute of limitations continue to run for a potential claimant in an FLSA collective action until he or she consents in writing to become a party plaintiff.") (citations omitted). Accordingly, Plaintiff intends to later seek equitable tolling on behalf of any opt-in plaintiff who later joins this action to remedy this prejudice.

FAIRMARK PARTNERS LLP
1001 G Street NW
Suite 400 East
Washington, DC 20001
(617) 721-3587
jamie@fairmarklaw.com
michael@fairmarklaw.com

Charles Gerstein
GERSTEIN HARROW LLP
1001 G Street NW
Suite 400 East
Washington, DC 20001
(202) 670-4809
charlie@gerstein-harrow.com

*Counsel for Plaintiff and the Proposed
Collective*

Kevin P. Hishta, *Pro Hac Pending*
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
T:  404-881-1300
maggie.santen@ogletree.com
kevin.hishta@ogletree.com

Thomas A. Lidbury, *Pro Hac Pending*
155 N. Wacker Drive, Suite 4300
Chicago, IL  60606
T:  312-558-1230
tom.lidbury@ogletree.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

On June 24, 2024, I served ☐ *the original* ☒ *a true copy* of the foregoing document entitled:

- **JOINT CONSENT MOTION FOR EXTENSION OF TIME**

on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Robert R. Niccolini, D.MD No. 24873 | Margaret Santen |
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | Kevin P. Hishta |
| | Thomas A. Lidbury |
| 1909 K Street, N.W., Suite 1000 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| Washington, DC 20006 | |
| Tel: (202) 887-0855 | 191 Peachtree St. NE, Suite 4800 |
| Fax: (202) 887-0866 | Atlanta, GA 30303 |
| Email: | T: 404-881-1300 |
| robert.niccolini@ogletreedeakins.com | F: 404-870-1732 |
| | maggie.santen@ogletree.com |
| | kevin.hishta@ogletree.com |
| | tom.lidbury@ogletree.com |

*Counsel for Defendant*

☐ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Silver Spring, Maryland in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of ZIPIN, AMSTER, & GREENBERG LLC for collection and processing correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by the USPS for overnight delivery.

☒ **(BY ELECTRONIC TRANSMISSION)** I caused said document(s) to be served via electronic transmission through either the Court's CM/ECF system, via electronic mail, or an electronic service provider to the addressee(s) listed above on the date below.

☐ **(BY PERSONAL SERVICE)** I delivered the foregoing document by hand delivery to the addressed named above.

☐ **(BY PROCESS SERVER)** I delivered the foregoing document to a process server to effectuate process via personal service. Once a proof of service is received from the process server, our office will file the proof of service reflecting the date of personal service by the process server.

I declare under penalty of perjury under the laws of the State of Maryland that the foregoing is true and correct.

Executed on June 24, 2024, at Silver Spring, Maryland.

_/s/ Gregg C. Greenberg_
Gregg C. Greenberg