**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| **BARBARA TRIPP, individually and on Her own behalf and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **1:24-CV-987** |
| **v.** | ) ) | |
| **PERDUE FOODS LLC,** | ) ) | |
| **Defendant.** | ) ) | |

<u>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**</u>

COMES NOW, Defendant Perdue Foods LLC ("Defendant" or "Perdue Foods"), by and through undersigned counsel, and timely submits this Answer to the Complaint of Plaintiff Barbara Tripp.

1.      Defendant admits that Plaintiff Barbara Tripp ("Tripp") is bringing an action against Defendant Perdue Foods LLC on behalf of herself and others who are allegedly "similarly situated" for damages and other appropriate relief related to her alleged misclassification as independent contractor. Defendant denies, however, that Plaintiff or those individuals she seeks to represent are/were misclassified,[1] that collective action treatment is appropriate, or that Plaintiff or those individuals she seeks to represent are entitled to any damages or relief sought in the Complaint. Defendant denies any and all remaining allegations set forth in Paragraph 1 of the Complaint.

2.      Defendant denies that Plaintiff or those individuals she seeks to represent were misclassified, that collective action treatment is appropriate, or that Plaintiff or those individuals

---

[1] For ease of reading, the past tense will be used throughout.

she seeks to represent are entitled to any damages or relief sought in the Complaint. Defendant denies any and all remaining allegations set forth in Paragraph 2 of the Complaint.

3.    Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.    Defendant admits that Tripp is bringing an action against Defendant Perdue Foods LLC on behalf of herself and an alleged collective. Defendant denies, however, that Defendant violated the Fair Labor Standards Act, that collective action treatment is appropriate, or that Plaintiff or those individuals she seeks to represent are entitled to any damages or relief sought in the Complaint. Defendant denies any and all remaining allegations set forth in Paragraph 4 of the Complaint.

## PARTIES

5.    Defendant lacks sufficient knowledge or information regarding the current residence of Plaintiff Tripp and therefore denies the same. Defendant admits that Plaintiff worked as a grower for Perdue Foods LLC in North Carolina. Defendant denies any and all remaining allegations contained in Paragraph 5 of the Complaint.

6.    Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.    Defendant admits that the Court has subject matter jurisdiction over Plaintiff's individual federal claims pursuant to 28 U.S.C. § 1331 because Plaintiff's federal wage claims arise under federal law. Defendant denies, however, that Plaintiff or the individuals she seeks to represent has any viable claims, denies that the Court has jurisdiction over Plaintiff's representative claims, and denies any and all remaining allegations contained in Paragraph 7 of the Complaint.

8.    Defendant admits that the Court has jurisdiction over Perdue Foods LLC because it is organized under the laws of the state of Maryland and has its principal place of business in Maryland. Defendant denies any and all remaining allegations contained in Paragraph 8 of the Complaint.

9.    Defendant admits that Perdue resides in this district and, therefore, venue could be appropriate but denies the remaining allegations contained in Paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS**

10.    Defendant admits only that "broilers" is a term generally used to refer to chickens raised for meat consumption. Defendant denies any and all remaining allegations contained in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations in Paragraph 11 of the Complaint as being an inaccurate and incomplete recitation of the history of the U.S. broiler industry.

12.    Defendant admits that growers have always been independent and relied on their skills and knowledge to grow the most high-quality birds while managing their own input costs and growing conditions. Defendant also admits that when growers deliver a premium product, they are rewarded financially and that they are fairly compensated for the skill, expertise and labor they provide, while managing the farms in the manner they see fit. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.    Defendant admits that Perdue is the third-largest broiler chicken company in the country and that it is involved in various aspects, including hatching chicks, veterinary care, growing chicken feed, transportation, harvesting and processing and others things, but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits that it has generally not purchased the farms where its chicks are raised to full weight but rather contracts with independent contractor growers to raise the chicks. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits that growers often raise chicks for around six weeks and that growers are provided an opportunity for independence and financial success. Defendant further admits that its website states that poultry farm owners do not have to punch a time clock at Perdue and have satisfaction of leading their own businesses, but Defendant denies that Plaintiff has fully and accurately represented the materials quoted in Paragraph 15 of the Complaint. Defendant denies any and all remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant admits only that growers are currently key and valued business partners of Defendant and are important to the operations. Defendant denies any and all remaining allegations contained in Paragraph 22 of the Complaint.

23.     Defendant admits that some growers make large investments in barns and equipment, among other things, including building "grow out" houses, which may be expensive to construct or acquire. Defendant also admits that some growers take out loans to finance these investments. Defendant denies any and all remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant admits only that growers are not required to have prior experience as chicken growers and that Tripp may have attended a training in person, watched training videos, and read various materials regarding farming operations. Defendant denies any and all remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits that the Poultry Producer Agreement designates growers as independent contractors and not employees and that it states that it is "a service contract and not a contract of employment and PERDUE and PRODUCER are each independent contractors." Defendant denies any and all remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendant admits that the Poultry Producer Agreement states that growers will perform work "using the skills, knowledge and discretion" that each grower "possesses" but denies any and all remaining allegations contained in Paragraph 28 of the Complaint.

29.     Defendant admits that the Poultry Producer Agreement requires growers to "comply with any bio-security policies, audits, measures or guidelines required by PERDUE" and that these are sometimes provided after a grower signs their contract with Perdue, though Defendant notes that the contract provides the growers with a right to rescind the contract within the specified period. Defendant admits that Tripp was required to follow various biosecurity guidelines but denies any and all remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint and further lacks knowledge or information sufficient to form a response regarding the study referenced in Paragraph 32 and, as such, denies those allegations.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits that the Poultry Producer Agreements ("PPAs") used in North Carolina and South Carolina, at various times, have been materially identical but denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Defendant admits that it has flock advisors who interact with various growers but denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant admits that Perdue requires growers to "adhere to the PERDUE Poultry Welfare and Bio-Security Programs" and to "comply with bio-security policies, audits, measures, or guidelines required by PERDUE." Defendant denies any and all remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint except admits that the Poultry Producer Agreement states that the Agreement may be terminated "in the event the grower is not fulfilling his/her obligations."

39.     Defendant admits that Paragraph 39 quotes a certain portion of the Poultry Producer Agreement but denies any and all remaining allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.    Defendant admits only that any job postings it issued for Flock Advisors or other positions speak for themselves. Defendant denies that the allegations in Paragraph 43 of the Complaint contain a complete and accurate description of said job responsibilities, and Defendant denies that the quoted job description is pertinent to Defendant's broiler business. Defendant denies any and all remaining allegations contained in Paragraph 43 of the Complaint.

44.    Defendant admits only that any job postings it issued for Grow Out Manager or other positions speak for themselves. Defendant denies that the allegations in Paragraph 44 of the Complaint contain a complete and accurate description of said job responsibilities or that such a job description is pertinent to Plaintiff and her claims. Defendant denies any and all remaining allegations contained in Paragraph 44 of the Complaint.

45.    Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant admits only that any job postings it issued for Housing Manager or other positions speak for themselves. Defendant denies that the allegations in Paragraph 46 of the Complaint contain a complete and accurate description of said job responsibilities, and Defendant denies that the quoted job description in Indiana is pertinent to Defendant's broiler business. Defendant denies any and all remaining allegations contained in Paragraph 46 of the Complaint.

47.    Defendant admits that upon acceptance of a production contract, growers are contractually obligated to follow certain guidelines but denies any and all remaining allegations contained in Paragraph 47 of the Complaint.

48.    Defendant admits only that it promulgates certain guidelines, such as with respect to temperature ranges and other parameters, based on industry regulatory requirements, customer requirements, or other best practices, and any such guidelines speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 48 of the Complaint.

49.    Defendant admits only that it promulgates certain guidelines based on industry regulatory requirements, customer requirements, or other best practices, and any such guidelines speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 49 of the Complaint.

50.    Defendant admits only that it promulgates certain guidelines based on industry regulatory requirements, customer requirements, or other best practices, and any such guidelines speak for themselves. Defendant also admits that the contract requires growers to comply with "Welfare and Biosecurity programs." Perdue denies any and all remaining allegations contained in Paragraph 50 of the Complaint.

51.    Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 51 of the Complaint.

52.    Defendant admits only that it promulgates certain guidelines, such as with respect to recommended actions in preparation for a new flock delivery, based on industry regulatory requirements, customer requirements, or other best practices, and any such guidelines speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 52 of the Complaint.

53.    Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant admits that it requires growers to use certain feed, medication and other items, in various circumstances, but denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 57 of the Complaint.

58.     Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant further admits that it provides certain guidelines and instructions regarding feed and water withdrawal based on industry regulatory requirements, customer requirements, and other best practices, and any such guidelines speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 58 of the Complaint.

59.     Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant admits only that growers may pay for improvements on their own property and that Defendant has recommended specifications for certain structures or improvements, which recommendations speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant admits only that Perdue promulgates certain guidelines, including with respect to animal welfare, based on industry regulatory requirements, customer requirements, and other best practices, which guidelines speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 65 of the Complaint.

66.     Defendant admits only that Perdue promulgates certain guidelines, including with respect to animal welfare, based on industry regulatory requirements, customer requirements, and other best practices, which guidelines speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 66 of the Complaint.

67.     Defendant admits only that feed deliveries may occur during nighttime hours. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 72 of the Complaint.

73.     Defendant admits that it promulgates various guidelines, including for bio-security and other reasons, based on industry regulatory requirements, customer requirements, and other best practices, and any such guidelines speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 73 of the Complaint.

74.     Defendant admits only that growers are typically requested to maintain certain documents and signage in or near their operational facilities in compliance with industry regulatory requirements or best practices. Defendant denies any and all remaining allegations contained in Paragraph 74 of the Complaint.

75.     Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant denies any and all remaining allegations in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant admits that growers are required to have their own grow out houses and to pay for expenses associated with the same, including any upgrades, but denies the remaining allegations contained in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant admits only that the Agreement provides a 90-day written notice contract termination provision exercisable by either party and that the Agreement allows Perdue to terminate if the farm has been without chickens for more than one-hundred and eighty (180) days. Defendant denies any and all remaining allegations contained in Paragraph 81 of the Complaint.

82.     Defendant admits only that the Agreement allows Perdue to terminate the contract of a grower who fails to comply with applicable welfare and biosecurity programs. Defendant denies any and all remaining allegations contained in Paragraph 82 of the Complaint.

83.     Defendant admits only that the Agreement allows Perdue to terminate the contract of a grower for lack of proper house management or care. Defendant denies any and all remaining allegations contained in Paragraph 83 of the Complaint.

84.     Defendant admits only that there is a notification requirement if birds do not develop normally. Defendant denies any and all remaining allegations contained in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.     Defendant admits only that the Agreement allows Perdue to terminate the contract of a grower for lack of proper house management or care. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant admits only that Plaintiff Tripp was guaranteed a base rate of compensation per the Agreement. Defendant denies any and all remaining allegations contained in Paragraph 88 of the Complaint.

89.     Defendant admits only that growers may be eligible for a performance bonus based on certain factors. Defendant denies any and all allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 94 of the Complaint.

95.     Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 95 of the Complaint.

96.     Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves. Defendant denies any and all remaining allegations contained in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.     Perdue admits that in 2015, another North Carolina grower with Perdue filed a whistleblower case with the Department of Labor, alleging that Perdue violated the employee-protection provisions of the Food Safety Modernization Act ("FSMA") and that the case is styled: *Watts v. Perdue Farms, Inc.,* No. 2016-FDA-00003. Perdue also admits that Perdue sought to have the case dismissed and that, after several years of proceedings, the Department of Labor Administrative Law Judge denied the Motion to Dismiss. Perdue denies that a denial of a Motion to Dismiss means that the Court found this grower was, in fact, an employee and further denies that this case has any relevance or bearing on the lawsuit filed by Tripp. Perdue admits that the contract signed by Watts had similar provisions to the contract signed by certain other growers, including a similar choice of forum provision, but denies the remaining allegations contained in Paragraph 99 of the Complaint.

100.    Defendant admits only that it entered into a Poultry Producer Agreement with Plaintiff, the terms of which speak for themselves, and that Plaintiff made substantial investments in her business. Defendant denies any and all remaining allegations in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant admits that Plaintiff Tripp opted into a FLSA collective action against Defendant in the Middle District of Georgia, *Parker v. Perdue Foods, LLC*, No. 22-cv-00268, on July 25, 2023, and became a party plaintiff on that date. Defendant further admits that the allegations in that lawsuit are substantively the same as the allegations here and that the Georgia district court denied conditional certification in that case and dismissed Tripp from that lawsuit. Defendant further admits the Georgia lawsuit is still ongoing but is no longer proceeding as a collective action. Defendant denies the remaining allegations contained in Paragraph 102 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

103.    Defendant admits that Plaintiff Tripp purports to bring this action on behalf of herself and others "similarly situated." Defendant denies that class or collective action treatment is appropriate, or that Tripp or those individuals she seeks to represent have any viable claims. Defendant denies any and all remaining allegations contained in Paragraph 103 of the Complaint.

104.    Defendant admits that Plaintiff Tripp is not including growers subject to Draper Valley Farms Broiler Growing Agreement or the Petaluma Broiler Growing Agreement in the proposed collective. Defendant denies any and all remaining allegations contained in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110.    Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.    Defendant denies the allegations contained in Paragraph 112 of the Complaint.

## COUNTS
### COUNT ONE: FEDERAL MINIMUM WAGE
### (Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 et seq.)

113.    Defendant realleges and incorporates its responses above as if fully set forth herein.

114.    Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115.    Defendant admits that where applicable, the FLSA requires payment of minimum wage of $7.25 an hour. Defendant denies any and all remaining allegations contained in Paragraph 115 of the Complaint, including that it violated the FLSA in any way with regard to Plaintiff or the individuals she seeks to represent.

116.    Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118.    Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119.    Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120.    Defendant admits that Tripp seeks damages on behalf of herself and an alleged collective she seeks to represent but denies that Tripp or the collective she seeks to represent have any viable claims or are entitled to any damages. Defendant denies any and all remaining allegations contained in Paragraph 120 of the Complaint.

### COUNT TWO: FEDERAL OVERTIME
### (Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 et seq.)

121.    Defendant realleges and incorporates its responses above as if fully set forth herein.

122.    Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.    Defendant admits that the FLSA requires payment of one and a half times the regular rate for hours worked over 40 for non-exempt employees, but Defendant denies that Plaintiff or those individuals she seeks to represent are entitled to or eligible for overtime here. Defendant denies any and all remaining allegations contained in Paragraph 123 of the Complaint.

124.    Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.    Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126.    Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127.    Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128.    Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.    Defendant admits that Tripp seeks various damages individually and on behalf of a collective but denies that she is entitled to any such damages. Defendant denies any and all remaining allegations contained in Paragraph 129 of the Complaint.

130.    Defendant denies that conditional certification is appropriate here and denies any and all remaining allegations contained in Paragraph 130 of the Complaint.

## COUNT THREE: DECLARATORY JUDGMENT
### (Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), et seq.)

131.    Defendant realleges and incorporates its responses above as if fully set forth herein.

132.    Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.    Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.    Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.    Defendant denies the allegations contained in Paragraph 135 of the Complaint.

## **JURY DEMAND**

136.    Defendant admits that Plaintiff seeks a trial by jury.

**PRAYER FOR RELIEF**

137.    Defendant denies that Plaintiff or the collective she seeks to represent is entitled to any relief, including but not limited to any of the categories of damages in Subparts A-J of her Prayer for Relief. Defendant further denies each and every fact and conclusion of law asserted in the Complaint not expressly admitted above.

**AFFIRMATIVE AND OTHER DEFENSES**

As for separate defenses to the Complaint, and without conceding that Defendant bears the burden of proof or persuasion as to any of them, except as required by applicable law with respect to the defense asserted, Defendant states as follows:

1.    Plaintiff's claims must be dismissed to the extent she fails to state a claim as a matter of law.

2.    Venue is not appropriate for the claims of Plaintiff and various individuals Plaintiff seeks to represent because, as a matter of contract and statute, they have to pursue their claims in the jurisdictions in which their farms were located and they performed services.

3.    At least some of the claims by Plaintiff have been waived and/or otherwise fail to state a cause of action because Plaintiff failed to comply with the notice requirements contained in the Poultry Producer Agreement.

4.    Plaintiff and those growers she purports to represent cannot recover under the FLSA because they are not "employees" under the FLSA and because they did not receive "wages." Rather, Plaintiff and those growers she purports to represent entered into Poultry Producer Agreements, which expressly provide that they are independent contractors, and Defendant did not exercise the requisite degree of control for Plaintiff or those individuals she purports to represent to be employees, among other factors. Finally, Plaintiff and the individuals Plaintiff

seeks to represent are and were at all relevant times engaged in an independently established trade, business or occupation because they operate their own independent businesses, use their own individual initiatives, and hire their own helpers or employees, among others. Accordingly, Plaintiff and those individuals she seeks to represent are barred from recovery under the FLSA.

5.      Plaintiff's claims, and the claims of those she seeks to represent, are barred to the extent she is exempt from the minimum wage and/or overtime requirements of the FLSA because of independent contractor status. 29 U.S.C. §§ 201, et seq.

6.      Even assuming, arguendo, Plaintiff and the individuals she seeks to represent are "employees," which Defendant denies, they still have no cause of action under the FLSA, 29 U.S.C. §§ 201, et seq., as they are exempt from minimum wage and/or overtime requirements under agricultural exemption(s). 29 U.S.C. §§ 201, et seq.

7.      Plaintiff's claims on behalf of any former growers are barred because such individuals lack standing with respect to their claims for declaratory and injunctive relief.

8.      Plaintiff's claims and the claims of those individuals she seeks to represent are barred, at least in part, by the doctrine of judicial estoppel, to the extent they have ever filed for bankruptcy and not disclosed the claims asserted herein as assets of the bankruptcy estate in the bankruptcy petition or attached schedules.

9.      Some or all of Plaintiff's claims, and the claims of those growers she seeks to represent, are barred, at least in part, by the applicable statute of limitations, specifically the FLSA's two-year statute of limitations.

10.      Neither Plaintiff nor those individuals she purports to represent are "similarly situated" under the FLSA, 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, id. §§ 251-62, because Plaintiff and those she seeks to represent worked in multiple different states, in association

with different Perdue management with different day-to-day practices, at different time periods, and under different circumstances, among other reasons, during the relevant time period.

11.     Assuming, arguendo, Plaintiff and those growers she seeks to represent are employees under the FLSA, which is denied, and assuming, arguendo, Plaintiff and those growers Plaintiff seeks to represent do not fall within any exemption to the FLSA, which is denied, some or all of the time worked by Plaintiff or those individuals she seeks to represent is not compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. § 251-62, nor are they entitled to pre-judgment interest on these claims.

12.     Plaintiff and those individuals she seeks to represent may not recover liquidated damages because neither Defendant, nor its officers, directors, managers, or agents committed any willful violation of the overtime provisions of the FLSA, nor did they ratify any such violation.

13.     Assuming, arguendo, Plaintiff and those individuals Plaintiff seeks to represent are covered by the FLSA, which is denied, neither Defendant nor any of its officers, directors, managers, or agents, knew or intended that alleged acts or omissions, which Defendant denies, were prohibited by the FLSA. Defendant did not show reckless indifference to or disregard for the requirements of the FLSA, nor did it ratify any such acts or omissions.

14.     Assuming, arguendo, Plaintiff and those she seeks to represent are employees under the FLSA, which is denied, and further assuming, arguendo, Plaintiff and those she seeks to represent could establish such actual claims, which is denied, Plaintiff and those individuals she seeks to represent are not entitled to liquidated damages because, under Section 11 of the Portal-to-Portal Act, Defendant acted in good faith and has reasonable grounds for believing that the alleged act or omission was not a violation of the FLSA.

15.    Plaintiff's requests for relief that are equitable in nature must be dismissed because Plaintiff and those individuals she seeks to represent have adequate remedies at law and because Plaintiff and those individuals she seeks to represent operate under valid contracts, which clearly delineate the parties' respective rights and obligations and method of compensation.

16.    At all relevant times, Defendant honestly intended to ascertain the FLSA's requirements and to comply with them.

17.    Plaintiff has failed to plead facts with sufficient particularity to support an award of liquidated damages.

18.    Plaintiff's claims on behalf of those individuals she seeks to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

19.    Plaintiff's claims cannot be properly joined with the claims of any individuals she seeks to represent because her claims are individualized and fact-specific and do not arise out of a common set of facts as those claims Plaintiff purports to assert on behalf of the individuals she seeks to represent. More specifically, Plaintiff and those she seeks to represent worked in multiple different locations in different states, in association with different Perdue management with different day-to-day practices, and under different circumstances during the relevant time period, all of which, among other reasons, must be examined to adjudicate their claims, and which is not subject to common proof. As such, the claims are not subject to collective adjudication.

20.    Plaintiff is not entitled to injunctive relief because the allegations in the Complaint do not meet the legal requirements for such relief.

21.    Individual issues of fact or law predominate over common issues.

22.    Plaintiff's interests are or may be in conflict with individuals she seeks to represent.

23.     Plaintiff and those individuals she seeks to represent are not entitled to pre-judgment interest because Defendant acted in good faith or because such interest is not otherwise properly recoverable.

24.     The claims of Plaintiff, and the claims of those individuals she seeks to represent, are barred, at least in part, under the doctrines of accord and satisfaction, payment or set off, to the extent they have accepted certain payments made to them, having effectuated an accord and satisfaction of at least part of their claims. Plaintiff's claims, and the claims of those individuals she seeks to represent, are also barred, in whole or in part, to the extent any monies they are owed, the existence of which Defendant denies, are offset by any savings or other benefits they received (including, but not limited to, tax savings) as independent contractors that they would not have otherwise received as employees.

25.     Defendant asserts the Affirmative and Other Defenses set forth herein with respect to all individuals who conditionally opt-in to this case, to the extent one is certified, which Defendant denies is appropriate.

26.     Plaintiff's claims and the claims of those individuals she seeks to represent are barred, in whole or in part, by the doctrines of release and waiver to the extent they executed a valid release or waiver in exchange for consideration.

27.     Plaintiff's claims, and the claims of those individuals she seeks to represent, are barred in whole or in part for lack of standing with respect to any and all individuals who used a corporate entity to enter into poultry producer agreements with Defendant, and/or assigned their agreements to a corporate entity.

28.     Some or all of Plaintiff's claims, and the claims of those individuals whom Plaintiff seeks to represent, are barred by the doctrines of estoppel and/or waiver, including to the extent Plaintiff

and those she seeks to represent represented themselves as independent contractors to others, including, but not limited to, lenders, government agencies, courts, and other business concerns.

29.    Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, Defendant prays that, after due proceedings, Plaintiff's claims in this suit be dismissed on the merits with prejudice, that all relief sought by Plaintiff be denied, that judgment be entered in favor of Defendant, and that Defendant be awarded its attorney's fees and costs of court, together with such other and further relief, whether general or special, at law or in equity, to which Defendant may show itself justly entitled.


September 19, 2024                         Respectfully submitted,

                                          PERDUE FOODS, LLC

                                          By: */s/ Robert R. Niccolini*
                                          Robert R. Niccolini, D. Md. No. 24873
                                          OGLETREE, DEAKINS, NASH, SMOAK
                                           & STEWART, P.C.
                                          1909 K. Street, N.W., Suite 1000
                                          Washington, D.C. 20006
                                          T. 202-887-0855
                                          rob.niccolini@ogletree.com

                                          Margaret Santen
                                          Kevin P. Hishta
                                          OGLETREE, DEAKINS, NASH, SMOAK
                                           & STEWART, P.C.
                                          191 Peachtree St. NE, Suite 4800
                                          Atlanta, GA 30303
                                          T:  404-881-1300
                                          maggie.santen@ogletree.com
                                          kevin.hishta@ogletree.com

22

Thomas A. Lidbury
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL  60606
T:  312-558-1230
tom.lidbury@ogletree.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of September, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Jamie Crooks<br>Michael Lieberman<br>FAIRMARK PARTNERS, LLP<br>1001 G Street, NW<br>Suite 400 East<br>Washington, DC 20001<br>(617) 721-3587<br>jamie@fairmarklaw.com<br>michael@fairmarklaw.com | Charles Gerstein<br>GERSTEIN HARROW LLP<br>1001 G Street NW<br>Suite 400 East<br>Washington, DC 20001<br>(202) 670-4809<br>charlie@gerstein-harrow.com<br><br>*Counsel for Plaintiff* |

*/s/ Robert R. Niccolini*
Robert R. Niccolini