**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **BARBARA TRIPP,** individually and on Behalf of all others similarly situated, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:24-CV-00987-JMC |
| **PERDUE FOODS, LLC,** | * | |
| *Defendant*. | * | |
| | * | |

\* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Barbara Tripp, on behalf of herself and all others similarly situated, filed the present lawsuit against Defendant, Perdue Foods LLC, alleging violations of the Fair Labor Standards Act (FLSA) and seeking declaratory judgment under the Federal Declaratory Judgment Act. (ECF No. 1). This Court granted in part Ms. Tripp's Motion for Conditional Certification and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b) on November 13, 2024 conditionally certifying the proposed collective. (ECF No. 34). On November 22, 2024, the parties jointly submitted a Rule 26(f) Report, proposing that they provide the Court with a discovery plan within fourteen days of the close of the collective action opt-in period. (ECF No. 36). The undersigned approved the parties' proposal on November 25, 2024, and pursuant to that Order, the parties submitted a Supplemental Joint Rule 26(f) Report ("Supplemental Rule 26(f) Report") on April 17, 2025. (ECF No. 70).   The opt-in period closed on April 3, 2025 and, at present, it appears that eighty (80) Plaintiffs have opted-in to this action. In the Supplemental Rule 26(f) Report, the parties identify points of disagreement and provide an overview of their respective positions regarding how discovery should proceed going forward. The Court resolves disputes between the parties as set forth immediately below.

Discovery Deadline: All fact discovery and decertification expert discovery shall be completed on or before April 6, 2026.[1] The parties may request time to conduct additional expert discovery following the Court's ruling on Defendant's decertification motion.

Subjects of Discovery: The parties include a list of subjects they anticipate they will need discovery on, including:

- Whether Plaintiffs are "similarly situated;"
- Whether a collective action is appropriate;
- Whether Plaintiffs are independent contractors or employees under the economic realities test;
- Whether Plaintiffs are otherwise exempt under the FLSA;
- Whether Defendant acted in good faith;
- Whether Defendant's acts were willful;
- Hours worked by Plaintiffs;
- Whether Defendant knew or should have known of the hours worked by Plaintiffs;
- Whether hours worked by Plaintiffs were compensable;
- Any defenses raised by Defendant, as set forth in its answer or that becomes otherwise applicable as discovery proceeds;
- Other facts that affect or are relevant to Plaintiffs['] claims and/or Defendant's defenses;
- The amount of damages to which Plaintiffs are entitled, if any;
- Defendant's company policy, pattern, or practice, related to how Defendant classified Plaintiffs;
- The total compensation Defendant paid Plaintiffs; and
- Any previous or ongoing complaints filed with or investigations by the United States Department of Labor and/or state agencies into Defendant's pay practices.

(ECF No. 70 at 2-3). The Court approves this list of subjects, notwithstanding the parties' right to seek a protective order or other relief in response to specific requests which they deem objectionable.

Written Discovery: The parties agree on the scope of written discovery between the Named Plaintiff and Defendant, and propose the following: they may each serve a maximum of thirty (30)

---

[1] The parties have agreed to this deadline. (ECF No. 70 at 2).

interrogatories and thirty (30) requests for production of documents on one other, with responses and objections due thirty (30) days after service, except as otherwise consented to by the parties. *Id.* at 3. Regardless of consent, the parties may also motion the Court for an extension time to respond to discovery requests. *Id.* The parties will adhere to Rule 36 of the Federal Rules of Civil Procedure concerning any requests for admission. *Id.* The Court approves and adopts the written discovery plan proposed between the Named Plaintiff and Defendant.

The parties were unable to reach an agreement regarding written discovery served on opt-in Plaintiffs and therefore provide competing proposals. *Id.* Plaintiffs request that written discovery be limited to 10% of the total opt-in Plaintiff class and propose that Defendant be permitted to serve five (5) interrogatories and five (5) requests for production of documents on each opt-in Plaintiff, with each opt-in Plaintiff subject to discovery having the ability to serve the same number of written discovery requests on Defendant. *Id.* at 4. Plaintiffs further suggest that the parties jointly select which members of the opt-in Plaintiff class will be subject to written discovery, with Defendant selecting half and Plaintiffs selecting the other half. *Id.*

Defendant seeks written discovery from all opt-in Plaintiffs and requests it be permitted to serve a maximum of eight (8) interrogatories and eight (8) requests for production of documents, each including discrete subparts, on every opt-in Plaintiff. *Id.* at 8. Defendant notes that the written discovery served on each opt-in Plaintiff would be substantially identical. *Id.* Additionally, Defendant opposes Plaintiff's request that each opt-in Plaintiff be permitted to propound written discovery on Defendant, but asks that if the Court deems it appropriate, any written discovery served by the opt-in Plaintiffs be substantially identical. *Id.* at 12.

As observed by Judge James K. Bredar of this Court, "[f]ederal courts are divided when it comes to individualized discovery in opt-in classes." *Jones v. Hoffberger Moving Servs. LLC*, No.

13-cv-0535-JKB, 2014 WL 713541, at *1 (D. Md. Feb. 24, 2014). Two approaches to discovery in FLSA actions have emerged, "with plaintiffs often seeking to engage in limited representative discovery, and defendants urging courts to require more expansive individualized discovery." *Craig v. Rite Aid Corp.*, No. 4:08-CV-2317, 2011 WL 9686065, at *3 (M.D. Penn. Feb 7, 2011). Many district courts have held that individualized discovery is overly burdensome and does not comport with the FLSA's underlying rationale in permitting such cases to proceed as collective actions. *Id.* (collecting cases).[2] Other courts have reached the opposite conclusion, reasoning that because collective members have opted in to the action, they are appropriately treated as "ordinary party plaintiffs who are subject to the full range of discovery that is authorized by the Federal Rules of Civil Procedure." *Id.* (collecting cases). This division is further reflected in the Supplemental Rule 26(f) Report, as both parties cite a plethora of cases in support of their respective positions. (ECF No. 70 at 5-11).

The Court recognizes Defendant's need to gather adequate information to prepare its eventual motion for decertification, but is not persuaded this requires individualized discovery from each opt-in Plaintiff. Instead, the undersigned believes that a middle ground between the parties' two proposals will best balance Defendant's ability to establish its defenses while maintaining an efficient process. Representative discovery is appropriate in this case, particularly given the fact that Plaintiffs were all classified as independent contractors under the Poultry Producer Agreement, which sets forth the same rules and policies for each of them. *See Jones*, 2014 WL 713541, at *2 ("Where, as here, the factual dispute between the parties focuses on an employer's policies and practices, limiting discovery to a representative sample of Opt-In Plaintiffs

---

[2] The purposes of § 216(b) actions under the FLSA are: "(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

is particularly appropriate."). With these principles in mind, the undersigned will limit written discovery to 50% of the opt-in Plaintiffs. Defendant may serve eight (8) interrogatories and eight (8) requests for production of documents on the opt-in Plaintiffs subject to written discovery, which may include discrete subparts and must be substantially identical.  Each opt-in Plaintiff subject to written discovery may propound eight (8) interrogatories and eight (8) requests for production of documents on Defendant, which may include discrete subparts and must be substantially identical. The parties both suggest that the decision as to which opt-in Plaintiffs will be subject to discovery should be joint. (ECF No. 70 at 2-4).[3] The Court will adopt this approach. The Named Plaintiff may choose half of the opt-in Plaintiffs subject to written discovery, and Defendant may choose the other half.

Depositions: Plaintiffs propose that Defendant be limited to deposing 10% of the opt-in Plaintiffs, while Defendant seeks to depose 50%. (ECF No. 70 at 4, 8). Defendant requests that each deposition be limited to 3.5 hours, exclusive of breaks, while Plaintiff asks the depositions be limited to 3 hours, also excluding breaks. *Id.* They agree that the depositions may occur remotely, by Zoom or other videoconferencing software. *Id.*

The parties also provide differing positions as to the total number of depositions each side may take. Plaintiffs first ask (within the context of their request that Defendant be permitted to depose 10% of the opt-in Plaintiffs) to be allowed to take the same number of depositions as Defendant, arguing they will need to depose the "flock supervisors" who had direct contact with the opt-in Plaintiffs, which "could potentially number in the hundreds." *Id.* at 4. Alternatively, Plaintiffs propose "that each party be allowed a total of ten (10) depositions, exclusive of any

---

[3] Defendant's suggestion was made in the context of depositions, given that it sought to serve written discovery on 100% of opt-in Plaintiffs. (ECF No. 70 at 4).

additional deposition allotments provided for and to the opt-in Plaintiffs." *Id.* at 12. Defendant maintains that if it is permitted to depose 50% of the opt-in Plaintiffs, Named Plaintiff should be permitted to request an additional three (3) depositions, for a total of thirteen (13) depositions. *Id.*

Keeping in mind the same principles discussed above with respect to written discovery, the Court will permit depositions of 20% of the opt-in Plaintiffs. The opt-in Plaintiffs selected must be chosen from the group of Plaintiffs subject to written discovery. Defendant shall select half of the opt-in Plaintiffs to be deposed, and the Named Plaintiff shall select the other half. Depositions shall be no longer that 3.5 hours, exclusive of breaks, and may occur remotely via video conference. Each party shall be allowed a total of ten (10) depositions, in addition to the depositions of the opt-in Plaintiffs. If an opt-in Plaintiff does not appear for a deposition, a replacement may be selected by the party who originally designated that Plaintiff for deposition. The Court approves all other agreements the parties reached with respect to depositions reflected in the Supplemental Rule 26(f) Report, including, but not limited to, agreement regarding the scheduling of depositions and counting any person(s) designated as Defendant's corporate designee as a single deposition, consistent with Federal Rule of Civil Procedure 30(b)(6).

Time to Respond: Pursuant to the agreement of the parties and the Federal Rules, responses and objections to written discovery will be due within thirty (30) days after service, except as otherwise consented to by the parties. *Id.* at 12. The parties may each additionally apply to the Court for an extension of time to respond if so required.

Supplementing Responses: Pursuant to the agreement of the parties, supplementations under Rule 26(e) are due within thirty (30) days after a party discovers new information that must be disclosed in order to supplement or correct a prior disclosure or a prior response to a request for discovery.

*Id.* at 13. During the final thirty (30) days of the discovery period, supplementations should occur as soon as practicably possible so as not to prejudice either party. *Id.*

Expert Discovery: The Court approves the parties' proposal to bifurcate expert discovery. *Id.* "Decertification" expert discovery, regarding issues relevant to Defendant's motion for decertification, shall occur first, with Plaintiffs' disclosures under Federal Rule of Civil Procedure 26(b)(2) due on or before February 9, 2026. Defendant's Rule 26(b)(2) disclosures shall be due on or before March 16, 2026, and Plaintiff's rebuttal disclosures shall be due on or before April 6, 2026. Each side shall be afforded the opportunity to depose the opposing side's experts either before or after receiving their reports. Following the Court's ruling on Defendant's decertification motion, the parties shall confer and propose to the court a plan for any additional expert discovery on the issue of damages, if necessary.

Additional Discovery: The parties agree to meet and confer in good faith if any party wishes to take additional discovery beyond that agreed to in the Supplemental Rule 26(f) Report. The Court will also consider motions by either party to expand the scope of discovery, to include taking additional depositions, beyond what is described in this Order.

Electronically Stored Information: The Court acknowledges and approves the information provided by the parties with respect to electronically stored information and hard copy documents. *Id.* at 14-15.

A separate Scheduling Order setting forth the deadlines discussed will follow, together with a memorandum to the parties outlining an informal discovery dispute resolution process.

Dated: April 22, 2025

_____ /s/

J. Mark Coulson
United States Magistrate Judge