# EXHIBIT B

| | |
|---|---|
| **From:** | Smith, Charlotte C. |
| **Sent:** | Tuesday, May 20, 2025 9:55 AM |
| **To:** | 'Robert Tucci' |
| **Cc:** | Santen, Margaret; Amanda Vaughn; Gregg Greenberg; Jamie Crooks; Michael Lieberman; Brennan Bilberry; Hishta, Kevin; Wooten, Virginia M.; Margaret Pace |
| **Subject:** | RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims |

Robert:

Apologies for the delayed response. I'm currently out of the country and have had inconsistent access to email.

That said, we disagree with your interpretation of the rules and do see value in the Court addressing these untimely claims now, as is within the Court's inherent authority, and/or to exclude these 7 improper Opt-in Plaintiffs from the pool of opt-in plaintiffs who may be selected for written discovery.

While we'd hoped to address this between the parties without needing to seek the Court's assistance, we understand your response to be a refusal to withdraw the consent forms for Opt-in Plaintiffs with expired claims.

Charlotte

**From:** Robert Tucci <rtucci@zagfirm.com>
**Sent:** Thursday, May 15, 2025 3:12 PM
**To:** Smith, Charlotte C. <charlotte.smith@ogletreedeakins.com>
**Cc:** Santen, Margaret <maggie.Santen@ogletreedeakins.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Gregg Greenberg <ggreenberg@zagfirm.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Brennan Bilberry <brennan@fairmarklaw.com>; Hishta, Kevin <Kevin.Hishta@ogletreedeakins.com>; Wooten, Virginia M. <virginia.wooten@ogletreedeakins.com>; Margaret Pace <mpace@zagfirm.com>
**Subject:** RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

**[Caution: Email received from external source]**

Charlotte,

I'm a bit perplexed at your response. I'm hopeful you can provide some needed clarity.

The statute of limitations is an affirmative defense upon which your client bears the burden of proof. Rules 12(f), 21, 41(b) do not allow dismissal of a party or claim on the merits. Nor can the Court, as part of its "inherent authority," resolve the merits of a case absent an affirmative motion for summary judgment or submission of the case to a bench or jury trial. Yet that appears to be exactly what your client intends to ask the Court to do.

You cannot claim the opt-in Plaintiffs' consent forms are a "pleading" within the meaning of Rule 12(f). "Rule 12(f) allows the court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter,' but Rule 7(a), which lists which documents are 'pleadings' for Rule 12(f)'s purposes . . . does not include affidavits, declarations, or consent forms." *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, No. 1:16CV1088, 2017 U.S. Dist. LEXIS 141783, at *4-5 (M.D.N.C. Sep. 1, 2017).

Nor were the opt-in Plaintiffs "misjoined" under Rule 21—this matter has been conditionally certified as a collective action under the FLSA. Based on our prior working relationship, I know you are quite familiar with the standard to maintain a collective—the Plaintiffs must be "similarly situated." If you were to move under Rule 21, that would in effect be a motion for decertification and we would ask the Court to treat it as such.

Rule 41(b) is no help to your client either. Plaintiff Tripp has not failed to prosecute this matter, nor has she failed to comply with the Federal Rules or any of the Court's orders. Even if Rule 41(b) were to apply to the opt-in Plaintiffs' claims (a contention we vehemently dispute), the same applies to them.

Lastly, per the Parties' Supplemental Joint Rule 26(f) Report, your client expressly agreed to reserve filing any dispositive motions until after the Court's ruling on your client's anticipated motion for decertification. To wit: "**All** dispositive motions shall be due *on or within three (3) months of the Court's ruling on Defendant's Motion for Decertification*." *See* Doc. 70 at 16 (emphasis added). This was adopted by the Court in its Scheduling Order. *See* Doc. 72 at 2. But even if your client was allowed to file a motion for summary judgment, we would simply ask the Court to reserve ruling on it until discovery is complete.

We are happy to revisit this issue once discovery is complete and to reassess whether Plaintiffs will agree to any voluntary dismissals on SOL grounds. But it is simply premature to do so now. We are hopeful that you and your client will agree to this common-sense approach.

Alternatively, if you truly believe you have a legitimate legal basis to move on this issue now, please forward the authority you are relying on for our review and consideration.

We look forward to hearing from you.

Warmly,

Robert W.T. Tucci
Zipin, Amster, & Greenberg LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
301-587-9373 (office)
919-389-7470 (direct)
240-839-9142 (fax)
rtucci@zagfirm.com
www.zagfirm.com

ZIPIN, AMSTER & GREENBERG
LLC

This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

**From:** Smith, Charlotte C. <charlotte.smith@ogletree.com>
**Sent:** Thursday, May 15, 2025 1:10 PM
**To:** Robert Tucci <rtucci@zagfirm.com>

Cc: Santen, Margaret <maggie.Santen@ogletreedeakins.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Gregg Greenberg <ggreenberg@zagfirm.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Brennan Bilberry <brennan@fairmarklaw.com>; Hishta, Kevin <Kevin.Hishta@ogletreedeakins.com>; Wooten, Virginia M. <virginia.wooten@ogletreedeakins.com>
**Subject:** RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

Hi Robert,

While there are multiple procedural mechanisms that would allow for the proper dismissal/striking of these Opt-in Plaintiffs' claims at this juncture (*e.g.,* Rules 12(f), 21, 41(b)), the Court ultimately has the inherent authority to manage its docket, including the striking of improper or superfluous filings, to ensure the orderly and expeditious disposition of cases.

That said, Plaintiff's months-long delay in addressing these expired claims is a bit confusing, particularly given the status of the expired claims do not appear in dispute (as both Opt-in Plaintiffs and Perdue have confirmed last dates of service fall outside the relevant time periods).

While we've extended the professional courtesy of allowing you to work through commitments in other matters, we do not see reason for any further delay. Please confirm by tomorrow morning that Opt-in Plaintiffs will withdraw their consents and/or dismiss the expired claims.

Thanks,
Charlotte

**Charlotte C. Smith (she/her/hers) | Ogletree Deakins**
8529 Six Forks Road, Forum IV, Suite 600 | Raleigh, NC 27615 | Telephone: 919-760-4150
charlotte.smith@ogletree.com | www.ogletree.com | Bio

---

**From:** Robert Tucci <rtucci@zagfirm.com>
**Sent:** Wednesday, May 14, 2025 5:06 PM
**To:** Smith, Charlotte C. <charlotte.smith@ogletreedeakins.com>
**Cc:** Santen, Margaret <maggie.Santen@ogletreedeakins.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Gregg Greenberg <ggreenberg@zagfirm.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Brennan Bilberry <brennan@fairmarklaw.com>; Hishta, Kevin <Kevin.Hishta@ogletreedeakins.com>; Wooten, Virginia M. <virginia.wooten@ogletreedeakins.com>
**Subject:** RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

**[Caution: Email received from external source]**

---

Charlotte,

Thank you for your patience in waiting for a response while I was engaged in other matters last week and the beginning of this week.

We are still discussing this issue on our end. To that end, we would like clarification on one item: Through which procedural mechanism do you intend to seek dismissal of Opt-in Plaintiffs Calloway, Cherput, Farrow, Lancaster, Madeiros, Moore, and Sanderlin?

Warmly,

Robert W.T. Tucci
Zipin, Amster, & Greenberg LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
301-587-9373 (office)
919-389-7470 (direct)
240-839-9142 (fax)
rtucci@zagfirm.com
www.zagfirm.com

ZIPIN, AMSTER & GREENBERG
LLC

This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

**From:** Smith, Charlotte C. <charlotte.smith@ogletree.com>
**Sent:** Wednesday, May 14, 2025 2:07 PM
**To:** Robert Tucci <rtucci@zagfirm.com>; Santen, Margaret <maggie.Santen@ogletreedeakins.com>; Amanda Vaughn <amanda@fairmarklaw.com>
**Cc:** Gregg Greenberg <ggreenberg@zagfirm.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Brennan Bilberry <brennan@fairmarklaw.com>; Hishta, Kevin <Kevin.Hishta@ogletreedeakins.com>; Wooten, Virginia M. <virginia.wooten@ogletreedeakins.com>
**Subject:** RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

Hi Robert and Amanda,

Please confirm whether Opt-in Plaintiffs Calloway, Cherput, Farrow, Lancaster, Madeiros, Moore, and Sanderlin will withdraw their consent forms.

In advance, we appreciate your prompt attention to this request.

Thanks,
Charlotte

**Charlotte C. Smith (she/her/hers) | Ogletree Deakins**
8529 Six Forks Road, Forum IV, Suite 600 | Raleigh, NC 27615 | Telephone: 919-760-4150
charlotte.smith@ogletree.com | www.ogletree.com | Bio

**From:** Robert Tucci <rtucci@zagfirm.com>
**Sent:** Wednesday, May 7, 2025 1:51 PM
**To:** Santen, Margaret <maggie.Santen@ogletreedeakins.com>; Smith, Charlotte C. <charlotte.smith@ogletreedeakins.com>; Amanda Vaughn <amanda@fairmarklaw.com>
**Cc:** Gregg Greenberg <ggreenberg@zagfirm.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Brennan Bilberry <brennan@fairmarklaw.com>; Hishta, Kevin

<Kevin.Hishta@ogletreedeakins.com>; Wooten, Virginia M. <virginia.wooten@ogletreedeakins.com>
**Subject:** RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

**[Caution: Email received from external source]**

Maggie,

Thanks. As I said, I do not expect you will have a response before the end of next week. If we can get you one sooner, we certainly will. Hope you have a great rest of your week.

Warmly,

Robert W.T. Tucci
Zipin, Amster, & Greenberg LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
301-587-9373 (office)
919-389-7470 (direct)
240-839-9142 (fax)
rtucci@zagfirm.com
www.zagfirm.com

ZIPIN, AMSTER & GREENBERG
LLC

This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

**From:** Santen, Margaret <maggie.santen@ogletree.com>
**Sent:** Wednesday, May 7, 2025 1:44 PM
**To:** Robert Tucci <rtucci@zagfirm.com>; Smith, Charlotte C. <charlotte.smith@ogletreedeakins.com>; Amanda Vaughn <amanda@fairmarklaw.com>
**Cc:** Gregg Greenberg <ggreenberg@zagfirm.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Brennan Bilberry <brennan@fairmarklaw.com>; Hishta, Kevin <Kevin.Hishta@ogletreedeakins.com>; Wooten, Virginia M. <virginia.wooten@ogletreedeakins.com>
**Subject:** RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

Thank you, Robert, and best of luck at the 4th Circuit!

Amanda had been running point on this issue from the inception. She and I have been in regular contact over the past few days, so I am assuming she is not involved in this argument. Since this issue has been outstanding since April 15, 2025, if she could respond to sooner, that would be greatly appreciated.

It is our understanding that you believe discovery is needed on this issue. Just let us know if your position has changed. We assume it has not.

Best,

Maggie

**Margaret Santen | Ogletree Deakins**
201 South College Street, Suite 2300 | Charlotte, NC 28244 | Telephone: 704-405-3119
maggie.santen@ogletree.com | www.ogletree.com | Bio

---

**From:** Robert Tucci <rtucci@zagfirm.com>
**Sent:** Tuesday, May 6, 2025 12:06 PM
**To:** Smith, Charlotte C. <charlotte.smith@ogletreedeakins.com>; Amanda Vaughn <amanda@fairmarklaw.com>
**Cc:** Gregg Greenberg <ggreenberg@zagfirm.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Brennan Bilberry <brennan@fairmarklaw.com>; Santen, Margaret <maggie.Santen@ogletreedeakins.com>; Hishta, Kevin <Kevin.Hishta@ogletreedeakins.com>; Wooten, Virginia M. <virginia.wooten@ogletreedeakins.com>
**Subject:** RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

> **[Caution: Email received from external source]**

---

Charlotte – apologies, by "COB next week," I mean the end of next week. Thanks.

Warmly,

Robert W.T. Tucci
Zipin, Amster, & Greenberg LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
301-587-9373 (office)
919-389-7470 (direct)
240-839-9142 (fax)
rtucci@zagfirm.com
www.zagfirm.com

ZIPIN, AMSTER & GREENBERG
LLC

This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

---

**From:** Robert Tucci
**Sent:** Tuesday, May 6, 2025 12:03 PM
**To:** Smith, Charlotte C. <charlotte.smith@ogletree.com>; Amanda Vaughn <amanda@fairmarklaw.com>
**Cc:** Gregg Greenberg <ggreenberg@zagfirm.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman

<[michael@fairmarklaw.com](mailto:michael@fairmarklaw.com)>; Brennan Bilberry <[brennan@fairmarklaw.com](mailto:brennan@fairmarklaw.com)>; Santen, Margaret <[maggie.Santen@ogletreedeakins.com](mailto:maggie.Santen@ogletreedeakins.com)>; Hishta, Kevin <[Kevin.Hishta@ogletreedeakins.com](mailto:Kevin.Hishta@ogletreedeakins.com)>; Wooten, Virginia M. <[virginia.wooten@ogletreedeakins.com](mailto:virginia.wooten@ogletreedeakins.com)>

**Subject:** RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

Charlotte,

Just a quick FYI that I will be tied up the remainder of this week with briefing, deposition, and oral arguments in the Fourth Circuit on Friday. I do not expect we will have a response to you by Thursday. We will try to get you a response by COB next week. Thanks.

Warmly,

Robert W.T. Tucci
Zipin, Amster, & Greenberg LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
301-587-9373 (office)
919-389-7470 (direct)
240-839-9142 (fax)
[rtucci@zagfirm.com](mailto:rtucci@zagfirm.com)
[www.zagfirm.com](http://www.zagfirm.com)

ZIPIN, AMSTER & GREENBERG
LLC

This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

**From:** Smith, Charlotte C. <[charlotte.smith@ogletree.com](mailto:charlotte.smith@ogletree.com)>
**Sent:** Tuesday, May 6, 2025 11:38 AM
**To:** Amanda Vaughn <[amanda@fairmarklaw.com](mailto:amanda@fairmarklaw.com)>
**Cc:** Gregg Greenberg <[ggreenberg@zagfirm.com](mailto:ggreenberg@zagfirm.com)>; Robert Tucci <[rtucci@zagfirm.com](mailto:rtucci@zagfirm.com)>; Jamie Crooks <[jamie@fairmarklaw.com](mailto:jamie@fairmarklaw.com)>; Michael Lieberman <[michael@fairmarklaw.com](mailto:michael@fairmarklaw.com)>; Brennan Bilberry <[brennan@fairmarklaw.com](mailto:brennan@fairmarklaw.com)>; Santen, Margaret <[maggie.Santen@ogletreedeakins.com](mailto:maggie.Santen@ogletreedeakins.com)>; Hishta, Kevin <[Kevin.Hishta@ogletreedeakins.com](mailto:Kevin.Hishta@ogletreedeakins.com)>; Wooten, Virginia M. <[virginia.wooten@ogletreedeakins.com](mailto:virginia.wooten@ogletreedeakins.com)>
**Subject:** RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

Good morning Amanda:

Following up on the issue of expired claims, we would like to confirm whether the seven Opt-in Plaintiffs with expired claims (Sanderlin/Truman, Madeiros, Moore, Calloway, Farrow, Cherput, and Lancaster) will withdraw their consent forms. As noted below, because Perdue's records show the Harrells and Mr. Weldon may have provided services during the relevant time period, Perdue is not seeking to have those individuals withdraw their consents.

While the information we have already provided, paired with the Opt-in Plaintiffs' own representations regarding their dates of service, should suffice in confirming they have not provided any grower services during their respective relevant time periods (and therefore have no live claims), we've attached a copy of the relevant data from Perdue's M-Tech database, which includes records of the seven Opt-in Plaintiffs' most recent contracted service dates. As you can see, all of the dates fall outside the relevant time periods.

Our hope is that by providing this additional documentation, the Parties can avoid unnecessary motion practice.

Please let us know your position by Thursday.

Thanks,
Charlotte

**Charlotte C. Smith (she/her/hers) | Ogletree Deakins**
8529 Six Forks Road, Forum IV, Suite 600 | Raleigh, NC 27615 | Telephone: 919-760-4150
charlotte.smith@ogletree.com | www.ogletree.com | Bio

---

**From:** Smith, Charlotte C.
**Sent:** Tuesday, April 15, 2025 10:34 AM
**To:** Amanda Vaughn <amanda@fairmarklaw.com>
**Cc:** Gregg Greenberg <ggreenberg@zagfirm.com>; Robert Tucci <rtucci@zagfirm.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Brennan Bilberry <brennan@fairmarklaw.com>; Santen, Margaret <maggie.Santen@ogletreedeakins.com>; Hishta, Kevin <Kevin.Hishta@ogletreedeakins.com>; Wooten, Virginia M. <virginia.wooten@ogletreedeakins.com>
**Subject:** RE: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

Hi Amanda,

Yes, Weldon, Sanderlin/Truman, Calloway, Farrow, and the Harrells were all included in the list of collective members Perdue provided to CPT Group (as evidenced by these individuals receiving and returning a consent form). That said, it is unclear to whom you refer when you reference "growers associated with their farms." The individuals who received notice were those who contracted with Perdue under a Perdue Poultry Producer Agreement; if plaintiffs, as independent contractors, hired individuals to work their farms, those employees of plaintiffs would not fall within the scope of the conditionally certified collective.

Regarding the process for identifying potentially eligible growers (and as we previewed on our call last week), Perdue's list included growers with "active contracts." However, because growers enter an indefinite contract with Perdue (without a set end date), Perdue's systems do not have an automatic process for marking growers who have terminated their contracts and are no longer growing flocks. Rather, growers are only marked as "deactivated" if management enters them into the system affirmatively, which does not always happen. As a result, the system may show growers as having an "active" contract with Perdue but who have not provided any grower services in quite some time. In the event a grower was marked "deactivated" and ceased providing grower services by April 2021, that individual would not have been included in the list. On the other hand, a grower with an "active" contract in the system but who has not provided services since April 2021 without being noted as deactivated would have been included. Erring on the side of caution, this resulted in an overinclusive notice list.

We believe this should assuage your stated concerns regarding Perdue's overinclusive list, particularly where the opt-in plaintiffs' recollections of service dates were very off in some instances (i.e., the Harrells) and may have been the cause for questions on your end. To that end, we've reviewed the records and confirmed the latest dates of services for these opt-in plaintiffs, which are listed below. As you can see, many of these opt-in plaintiffs' statute of limitations expired

within months of the relevant time period, which is often the case where the collective is keyed to three years preceding the filing of the complaint rather than the date notice is issued (*i.e.*, the case of Mr. Cherput).

1. Thomas Weldon (consent filed 2/14/2025, grower end date of 8/2019) – last date of service 7/11/2022
2. Fonda Sanderlin/Paul Truman (consent filed 2/28/2025, grower end date of 2/2002) – last date of service 5/6/2021
3. Timothy Madeiros (consent filed 2/28/2025, grower end date of 5/2021)- last date of service 5/25/2021
4. Irma Moore (consent filed 2/28/2025, grower end date of 4/2021) – last date of service 7/21/2019
5. Denise Calloway (consent filed 2/28/2025, grower end date of 8/2019)- last date of service 8/21/2019
6. Richard Farrow (consent filed 2/28/2025, grower end date of 2021)- last date of service 8/4/2021
7. Ro Cherput (consent filed 3/7/2025, grower end date of 2/1/2022) – last date of service 2/24/2022
8. William Lancaster (consent filed 3/7/2025, grower end date of 1/2022) – last date of service 8/27/2021
9. Bobby & Linda Harrell (consent filed 3/7/2025, grower end date of 1/2004) – last date of service 3/24/2025

Based on this information, the Harrells and Weldon do not have readily discernible statute of limitations issues at this time. We are in the process of reviewing the most recent service dates for the remaining opt-in plaintiffs, as it appears the opt-in plaintiffs' own recollection of work performed may not be reliable. That said, we hope this information addresses your questions, as we do not believe expending unnecessary time and attention conducting formal discovery into these individuals' contract periods/service dates is the most efficient use of resources.

As to the issue of equitable tolling, your request for documents demonstrating plaintiffs *are not* entitled to equitable tolling of their claims improperly shifts the burden to Perdue. As you know, plaintiffs bear the burden of demonstrating equitable tolling is warranted by showing  (1) they diligently pursued their rights and (2) some extraordinary circumstance prevented them from taking any action.  Therefore, it would be plaintiffs that need to come forward with evidence in support of the same. Indeed, plaintiff could have moved for equitable tolling on the front end – or at the time of seeking conditional certification – but chose not to. Presumably, if plaintiff had grounds to believe moving for equitable tolling would be warranted in this case, she would have done so. Regardless, it's clear plaintiff anticipated some individuals with expired claims would receive notice and not be eligible to participate in this action, as plaintiff proposed language in a notice, which the Court adopted and was sent to class members, that advised them that if the individual filed a consent form more than three years after the date they stopped performing services for Perdue, their claims may be time barred. This language is binding here.

We look forward to hearing your position in an effort to avoid unnecessary motion practice.

Thanks,
Charlotte

**Charlotte C. Smith (she/her/hers) | Ogletree Deakins**
8529 Six Forks Road, Forum IV, Suite 600 | Raleigh, NC 27615 | Telephone: 919-760-4150
charlotte.smith@ogletree.com | www.ogletree.com | Bio

---

**From:** Amanda Vaughn <amanda@fairmarklaw.com>
**Sent:** Wednesday, April 2, 2025 11:17 PM
**To:** Smith, Charlotte C. <charlotte.smith@ogletreedeakins.com>
**Cc:** Gregg Greenberg <ggreenberg@zagfirm.com>; Robert Tucci <rtucci@zagfirm.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael Lieberman <michael@fairmarklaw.com>; Brennan Bilberry <brennan@fairmarklaw.com>; Santen, Margaret <maggie.Santen@ogletreedeakins.com>; Hishta, Kevin <Kevin.Hishta@ogletreedeakins.com>; Wooten, Virginia M. <virginia.wooten@ogletreedeakins.com>
**Subject:** Re: Tripp v. Perdue - Addressing Opt-in Plaintiffs with Expired Claims

*[Caution: Email received from external source]*

---

Charlotte,

Thank you for your email. As an initial matter, can you please tell us whether Thomas Weldon, Fonda Sanderlin, Paul Truman, Denise Calloway, Richard Farrow, Bobby Harrell, Linda Harrell, or growers associated with their farms were in the list that Perdue provided to the third-party administrator? If someone you are alleging to have not worked for Perdue since 2004, for example, was in Perdue's list of growers, it raises concerns for us about how Perdue identified potentially eligible growers and whether there are growers who were working for Perdue between April 2021 and the present who were not included in the list Perdue provided to the TPA and thus never notified about this lawsuit. Please let us know as soon as you can, because this is a matter we need to address immediately if potential claimants have been excluded from notice.

With respect to whether any of the growers you've listed have claims that are time-barred, we believe it is too early to reach that conclusion. If Perdue has any documentation demonstrating conclusively that these growers did not do any work related to Perdue within the potential limitations period and are not otherwise entitled to equitable tolling of their claims, please provide it, and we would be happy to consider whether there is a basis to voluntarily dismiss these individuals at this stage. Otherwise, we believe some discovery is necessary to confirm that the months and years reported on the consent forms--which appear to be the dates on which you are relying to claim they must be dismissed--are accurate and the claims are not otherwise subject to tolling. For example, Mr. Cherput's reported date of ending employment with Perdue could be off by mere days and he would fall within the potential limitations period without even needing to consider whether he is entitled to tolling.

Finally, can you please provide us the legal authority on which you are relying to assert that Perdue would be entitled to fees if Plaintiffs do not voluntarily dismiss some opt-in Plaintiffs' claims on statute-of-limitations grounds before discovery has commenced?

Amanda

On Tue, Apr 1, 2025 at 7:12 PM Smith, Charlotte C. <charlotte.smith@ogletree.com> wrote:

Good evening:

I hope all is well.

Upon review of the opt-in plaintiffs' consent forms, including filing date and plaintiffs' dates of contracting with Perdue, there are several opt-in plaintiffs for whom any claims have expired and are time barred as a matter of law.

Specifically, this list includes:

1. Thomas Weldon (consent filed 2/14/2025, grower end date of 8/2019)

2. Fonda Sanderlin/Paul Truman (consent filed 2/28/2025, grower end date of 2/2002)
3. Timothy Madeiros (consent filed 2/28/2025, grower end date of 5/2021)
4. Irma Moore (consent filed 2/28/2025, grower end date of 4/2021)
5. Denise Calloway (consent filed 2/28/2025, grower end date of 8/2019)
6. Richard Farrow (consent filed 2/28/2025, grower end date of 2021)
7. Ro Cherput (consent filed 3/7/2025, grower end date of 2/1/2022)
8. William Lancaster (consent filed 3/7/2025, grower end date of 1/2022)
9. Bobby & Linda Harrell (consent filed 3/7/2025, grower end date of 1/2004)

Some of these individuals received the notice in error based on the end date of contract (i.e., those with contract end dates prior to April 2021). The claims of the others are also clearly time barred. As advised in the Notice, "Plaintiff's claims in this action are limited to a two- or three-year statute of limitations. **If you choose to join this action, you may be able to recover damages if you were improperly denied compensation only for time worked within the two or three years prior to the date you file your Consent to Join Form**." Where the above individuals all filed their consent forms more than three years after providing services for Perdue, their claims are expired and time barred.

In the interest of preserving the parties' time and resources, please confirm the above-listed individuals will voluntarily dismiss their claims. Please note, in the event they do not, Perdue will move to dismiss these individuals and will reserve the right to seek fees if forced to do so.

Charlotte

**Charlotte C. Smith (she/her/hers) | Ogletree Deakins**
8529 Six Forks Road, Forum IV, Suite 600 | Raleigh, NC 27615 | Telephone: 919-760-4150
charlotte.smith@ogletree.com | www.ogletree.com | Bio

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--

This message and any attached documents contain information from the law firm of Fairmark Partners, LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

This message and any attached documents contain information from the law firm of Fairmark Partners, LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*