IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BARBARA TRIPP,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:24-CV-00987-JMC |
| **PERDUE FOODS LLC,** | * | |
| *Defendant*. | * | |
| | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On April 4, 2024, Plaintiff Barbara Tripp, individually and on behalf of all others similarly situated, filed the present lawsuit against Defendant, Perdue Foods LLC ("Perdue"), alleging violations of the Fair Labor Standards Act ("FLSA") and seeking a declaratory judgment under the Federal Declaratory Judgment Act. (ECF No. 1). Presently pending before the Court is Defendant's Motion for Miscellaneous Relief and to Strike the Consent Forms of Opt-In Plaintiffs with Time-Barred Claims or, Alternatively, Dismiss their Claims. (ECF No. 74). The motion has been fully briefed, (ECF No. 75; ECF No. 76), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, Defendant's motion shall be DENIED.

I. **BACKGROUND**

The Court will briefly set forth the procedural history relevant to the instant motion. On November 13, 2024, the undersigned conditionally certified a collective action of all individuals classified as independent contractors who grew chickens under a Poultry Product Agreement for Perdue from April 4, 2021 onwards. *See generally Tripp v. Perdue Foods LLC*, No. 1:24-CV-00987-JMC, 2024 WL 4770282 (D. Md. Nov. 13, 2024). The parties subsequently conferred and

agreed upon the wording for opt-in notices to be sent to potential members of the conditionally certified collective, as well as a third-party administrator to effect notice. (ECF No. 38). This Court approved the notices and appointed the third-party administrator designated by the parties on December 5th and 9th, respectively. (ECF No. 44; ECF No. 46). The opt-in notices contained the following language:

> Plaintiff's claims in this action are limited to a two- or three-year statute of limitations. If you choose to join this action, you may be able to recover damages if you were improperly denied compensation only for time worked within the two or three years prior to the date you file your Consent to Join Form.

(ECF No. 38-1 at 4).[1]

Approximately eighty (80) individuals have filed consent forms to join the collective action. The opt-in period closed on April 3, 2025, and on April 22, 2025, the undersigned issued a Memorandum Opinion setting forth procedures to govern discovery going forward. (ECF No. 71). Specifically, and pertinent to the instant dispute, the Court limited written discovery to 50% of the opt-in Plaintiffs, and limited depositions to 20% of the opt-in Plaintiffs, with each side selecting half of the Plaintiffs subject to individualized discovery. *Id.* at 5-6. Defendant thereafter filed its motion to strike the opt-in forms, or dismiss the claims, of seven opt-in Plaintiffs which it alleges have time-barred claims. (ECF No. 74). Alternatively, Defendant asks that the seven opt-in Plaintiffs be excluded from selection for individualized discovery. *Id.*

II. ANALYSIS

Defendant requests that seven opt-in Plaintiffs be either stricken or dismissed from this matter on the basis that their claims are time barred under both the two- and three-year statute of

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If a document has no electronic filing stamp, the Court will instead refer to the page number at the bottom of the document.

limitations provided by the FLSA. (ECF No. 74-1).[2] Under the FLSA, an action commences for statute of limitations purposes on the date that an opt-in plaintiff files their consent form. 29 U.S.C. § 256(b). Defendant thus argues that the following opt-in Plaintiffs' claims are barred, as the dates of service listed on their opt-in forms fall outside of the statute of limitations period: Denise Calloway, Fonda Sanderlin, Irma Moore, Richard Harold Farrow, Timothy Craig Madeiros, Ro Zama Cherput, and William Earl Lancaster. (ECF No. 74-1 at 4-5). Defendant additionally cross-checked the opt-in Plaintiffs' self-reported dates of service with its own business records. *Id.* As will be discussed, there are some discrepancies between the self-reported dates and Perdue's internal records. *Id.*[3]

Defendant invokes Federal Rules of Civil Procedure 12(f), 21, and 41(b) as the procedural mechanisms by which the Court may strike the opt-in Plaintiffs' consent forms or dismiss their claims, or, alternatively, cites the Court's inherent discretion in managing its docket. *Id.* at 1; ECF No. 76 at 1. Plaintiffs oppose Defendant's motion on the grounds that it is procedurally improper and factually premature, arguing that dismissal is inappropriate before the seven individuals have participated in discovery or been heard. (ECF No. 75 at 1). The Court agrees.

None of the Federal Rules cited by Defendant permit the Court to strike the opt-in forms or dismiss the seven Plaintiffs' claims under these circumstances. Federal Rule 12(f) allows a court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). However, as Plaintiffs correctly

---

[2] FLSA actions are subject to a two-year statute of limitations, unless the cause of action arises out of a willful violation, in which case an action may be commenced within three years. 29 U.S.C. § 255(a). Defendant does not concede that the three-year statute of limitations is applicable, but nonetheless applies the three year period for the purposes of this motion. (ECF No. 74-1 at 8).
[3] Additionally, two opt-in Plaintiffs were originally identified by Perdue as having time barred claims based solely on the dates listed on their opt-in forms. (ECF No. 74-4 at 9-13). However, upon comparing those dates to their internal records, Defendant determined that the dates listed by the opt-in Plaintiffs were incorrect and they were not in fact time barred. *Id.*

identify, Federal Rule 7(a) exhaustively defines what constitutes a pleading, and a collective action opt-in form is not included. Fed. R. Civ. P. 7(a). None of the cases Defendant cites in support of striking Plaintiffs' opt-in forms rely on Rule 12(f), and they are procedurally distinguishable from the instant case. *See, e.g.*, *Weckesser v. Knight Enters. S.E., LLC*, No. 2:16-cv-02053-RMG, 2019 WL 13150694, at *1 (D.S.C. July 22, 2019) (dismissing claims of opt-in plaintiffs who joined case after statute of limitations on their claims expired, where opt-in plaintiffs' last date of work was undisputed and Plaintiffs did not oppose motion); *Davella v. Ellis Hospital*, No. 1:20-cv-726, 2025 WL 1282568, at *1-2 (N.D.N.Y. May 2, 2025) (dismissing claims of opt-in plaintiffs as time barred, where plaintiffs did not oppose their dismissal from the FLSA collective); *Allen v. Sears Roebuck and Co.*, No. 07-11706, 2011 WL 867094, at *1 (E.D. Mich. Mar. 10, 2011) (dismissing opt-in plaintiff's claims because he did not meet class definition, following discovery period and deposition of opt-in plaintiff). Further, "[a]lthough some cases have held that Rule 12(f) may be used to strike documents other than pleadings, the weight of recent authority is that such an action is not contemplated or permitted by the Rule." *Khepera-Bey v. Santander Consumer USA, Inc.*, No. WDQ-11-1269, 2013 WL 142071, at *2 (D. Md. Jan. 10, 2013) (collecting cases). The Court will not strike the opt-in Plaintiff's forms under Rule 12(f).

Federal Rules of Civil Procedure 21 and 41(b) are likewise inapplicable to granting the relief Defendant seeks. Rule 21 "is a mechanism for remedying either the misjoinder or nonjoinder of parties[,]" which is not at issue here. 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1682 (3d ed. 2021).[4] Rule 41(b) permits dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). Defendant

---

[4] Besides referencing Rule 21 in passing, Defendant does not explain why it applies to allow the Court to dismiss the seven opt-in Plaintiffs' claims as time barred.

suggests dismissal is appropriate because the seven opt-in Plaintiffs submitted their forms "in contradiction to the Court's approved guidance (and instructions) within the Notice of Lawsuit" which informed potential collective members that they could only recover for time worked within the past two or three years. (ECF No. 74-1 at 10). Thus, Defendant argues, submitting the form despite not having grown chickens for Perdue within the past three years constitutes a failure to comply with a court order and warrants dismissal. *Id.* This is an overly broad reading of Rule 41(b), and Defendant cites no authority in support of its interpretation. The Court will not dismiss the opt-in Plaintiffs' claims under Federal Rules 21 or 41(b).

Defendant next contends that dismissal is possible pursuant to the court's inherent power to manage its docket, arguing dismissal is consistent and even required by Federal Rule of Civil Procedure 1, which provides the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." (ECF No. 76 at 1) (quoting Fed. R. Civ. P. 1). Regardless of whether the Court may have inherent authority to dismiss the opt-in Plaintiffs' claims, the undersigned declines to do so at this stage. Dismissal is premature at this time and inconsistent with Fourth Circuit precedent cautioning district courts to exercise restraint in dismissing cases on procedural bases, rather than deciding them on the merits. *See Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) ("While the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint."). Discovery has only just begun, and there are discrepancies between the dates of service reported by the opt-in Plaintiffs and Perdue's internal records which should be definitively resolved through the discovery process. By way of example, Plaintiff Sanderlin reported that she was a grower for Perdue until February 2002, but Perdue's internal records show her last date of service was May 6, 2021. (ECF No. 74-1 at 4). Plaintiff Lancaster stated he was a Perdue grower up until

January 2022, but Perdue's records indicate his last date of service was August 27, 2021. *Id.* at 5. Moreover, each of the growers who received notice to join the collective action were initially identified by Perdue as having "active contracts" with Perdue such that they should receive notice of the lawsuit. (ECF No. 74-4 at 9). Under these circumstances, it is reasonable for the dates of service to be "subjected to scrutiny through deposition testimony, interrogatories, or cross examination" as Plaintiffs advocate for. (ECF No. 75 at 7).[5] The Court will not exercise its inherent authority to dismiss the seven opt-in Plaintiffs' claims.

Finally, Defendant asks that if dismissal is deemed premature, the Court alternatively exclude Plaintiffs Calloway, Sanderlin, Moore, Farrow, Madeiros, Cherput, and Lancaster from the pool of Plaintiffs who may be selected for individualized discovery. (ECF No. 74-1 at 10-11). Defendant maintains that if these seven Plaintiffs are selected, their claims will ultimately be dismissed as time barred, they will have no knowledge of practices during the relevant time period, and this "would effectively prevent Perdue from obtaining all of the discovery the Court ordered was permitted, both on the merits and on decertification." (ECF No. 74-1 at 11). Plaintiffs oppose Defendant's request, arguing the Court's representative discovery plan does not permit either party to unilaterally remove individuals from the discovery pool, and that doing so prejudices the rights of the seven opt-in Plaintiffs. (ECF No. 75 at 13). While the Court is cognizant of Defendant's need to gather sufficient information relevant to its defenses, it is unclear how the timeliness of the seven opt-in Plaintiffs' claims could be resolved unless they were subject to individualized

---

[5] Plaintiffs additionally argue that the claims of the seven opt-in Plaintiffs should be allowed to proceed because they may later pursue equitable tolling of the limitations period. (ECF No. 75 at 9). Defendant contends Plaintiffs have waived any right to pursue equitable tolling because of the language the parties agreed to in the notices regarding the statute of limitations. (ECF No. 74-1 at 5-6 n.4). The undersigned makes no determination regarding either whether Plaintiffs are entitled to equitable tolling or if they have waived the right to pursue equitable tolling, but notes that dismissing the seven opt-in Plaintiffs' cases now would deprive them of the ability to pursue such an argument. The Court will not do so without the benefit of full briefing on the issue.

discovery. Accordingly, the undersigned will not exclude Plaintiffs Calloway, Sanderlin, Moore, Farrow, Madeiros, Cherput, and Lancaster from individualized discovery. However, in the event that it becomes clear through discovery that any of these seven opt-in Plaintiffs' claims are time-barred and that they lack meaningful information relevant to the lawsuit's timeframe, the Court will consider a request to substitute those individuals for other opt-in Plaintiffs. Any replacement opt-in Plaintiff shall be selected by the same party who designated the original opt-in Plaintiff for individualized discovery.

### III. CONCLUSION

For the reasons stated, Defendant's Motion for Miscellaneous Relief and to Strike the Consent Forms of Opt-In Plaintiffs with Time-Barred Claims or, Alternatively, Dismiss their Claims, (ECF No. 74), is DENIED.

SO ORDERED.

Dated: June 27, 2025

/s/
J. Mark Coulson
United States Magistrate Judge