IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BARBARA TRIPP,** | * |
| *Plaintiff,* | * |
| v. | *   Civil Action No.: 1:24-CV-00987-JMC |
| **PERDUE FOODS LLC,** | * |
| *Defendant.* | * |

\* * * * * * * * * *

## STIPULATED DISCOVERY CONFIDENTIALITY AND PROTECTIVE ORDER

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this 23rd day of _____July_____, 2025, by the United States District Court for the District of Maryland, ORDERED:

1. **Designation of Discovery Materials as Confidential**. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, commercial information, or financial information that constitutes confidential information, which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for

documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c)     Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties shall not disclose information or documents designated as confidential to putative class members not named as named plaintiff or opt-in plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions, deponents reasonably expected to have knowledge of the designated documents and/or information, and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter, deponent , or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(v) Disclosure may be permitted as expressly allowed by any Court Order.

(e)     Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2.     **Confidential Information Filed with Court**.  To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases.  The Interim Sealing Motion shall be governed by L.R. 105.11.  Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

3.     **Party Seeking Greater Protection Must Obtain Further Order**.  No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c). This section shall not be construed to require disclosure of information that is not being produced on the grounds of privilege.

4. **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5. **Receipt of Subpoena Regarding Confidential Material**. In the event that a party who has received material treated as confidential under this Order receives a subpoena for such material from a third party, the party receiving the subpoena shall promptly advise the party claiming that materials are confidential of the subpoena and provide that party with a copy of the subpoena. The party served with the subpoena shall not have an affirmative duty to seek a protective order. That duty remains, solely, with the party claiming that the material is confidential.

6. **Return of Confidential Material at Conclusion of Litigation**. At the conclusion of the litigation, including any appeals, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. If a party elects to destroy the material, the destroying party shall notify the originating party that the destruction occurred and identifying the documents destroyed. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

7. **Non-Waiver of Attorney-Client Privilege and Work Product Protection.** Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an

affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3).  The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2).  That is, all disclosures not made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

8.     **Return of Privileged or Protected Materials.**  Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option.  If the underlying claim of Privilege or Protection is contested, the parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B).  In assessing the validity of any claim of Privilege or Protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Document once the producing party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question.

9.     For purposes of paragraph 8, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

10. For purposes of paragraph 8, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

/s/_____
Gregg Cohen Greenberg (Bar no:17291)
Robert W.T. Tucci (Bar no: 31356)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel: (301) 587-9373
ggreenberg@zagfirm.com
rtucci@zagfirm.com

Jamie Crooks (admitted pro hac vice)
Michael Lieberman
Amanda R. Vaughn
FAIRMARK PARTNERS LLP
400 7th Street NW
Suite 304
Washington, DC 20004
Tel: (617) 721-3587
jamie@fairmarklaw.com
michael@fairmarklaw.com
amanda@fairmarklaw.com

*Counsel for Plaintiffs*

/s/_____
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

Robert R. Niccolini (Bar No. 24873)
1909 K Street NW, Suite 1000
Washington, D.C. 20006
Tel: (202) 887-0855
robert.niccolini@ogletreedeakins.com

Margaret Santen (admitted pro hac vice)
Kevin P. Hishta, *Pro Hac Pending*
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Tel: 404-881-1300
maggie.santen@ogletreedeakins.com
kevin.hishta@ogletreedeakins.com

Charlotte Smith
8529 Six Forks Road, Suite 600
Raleigh, NC 27615
Tel: (919) 760-4150
charlotte.smith@ogletreedeakins.com

Mark J. Swerdlin (Bar No. 04927)
One South Street, Suite 1800
Baltimore, MD 21202
Tel: (410) 752-1040
mark.swerdlin@ogletreedeakins.com

*Counsel for Defendant*



_____/s/_____
J. Mark Coulson
United States Magistrate Judge
July 23, 2025