

# Fairmark Partners, LLP

400 7th Street NW | Suite 304
Washington, DC 20004 | *https://fairmarklaw.com*

November 14, 2025

**VIA ECF**
The Honorable J. Mark Coulson
United States Magistrate Judge
101 West Lombard Street, Chambers 8D
Baltimore, MD 21201
(410) 962-4953

Re: *Barbara Tripp et al. v. Perdue Foods LLC*, No. 24-cv-00987-JMC

Dear Judge Coulson,

In this action alleging misclassification under the Fair Labor Standards Act ("FLSA"), Defendant Perdue Foods LLC ("Defendant" or "Perdue") seeks Plaintiff Barbara Tripp's and 32 Opt-In Plaintiffs' (collectively, Plaintiffs) tax returns, which is protected by federal qualified privilege. Defendant cannot meet its burden to demonstrate the records are relevant, and, even if it could, Plaintiff has identified several other less intrusive sources. At bottom, in an industry rife with fears of retaliation,[1] Defendant's request to rifle through Plaintiffs' tax returns serves little purpose other than subjecting them to harassment. The Court should deny Perdue's request.

## Procedural Background

Plaintiff Barbara Tripp filed this action on April 4, 2024, alleging that Perdue misclassified her and other poultry growers as independent contractors and used a common pay scheme to deny them lawful wages. *See* Complaint (Dkt. 1). In November 2024, this Court conditionally certified a nationwide collective of growers. Dkt. 34 at 8. On April 22, 2025, the Court issued its discovery order in this case, limiting written discovery to 50 percent of the Opt-In Plaintiffs. Dkt. 72 at 4-5. Defendant has now served interrogatories and requests for production on Tripp and 50 percent of Opt-In Plaintiffs. Many of Perdue's requests ask for sensitive tax information.

## Plaintiffs' Position

Under the controlling law in this District, tax returns are subject to a qualified privilege. They are discoverable only if Perdue demonstrates: (1) the tax returns are "relevant to a matter in dispute,"

---

[1] *See, e.g.*, Ames Alexander, *Working in Fear: After They Complained, Farmers Say Poultry Companies Retaliated*, CHARLOTTE OBSERVER (Dec. 7, 2022), https://www.charlotteobserver.com/news/state/north-carolina/article267895592.html; Kristian Jaime, *After No Vote on Union, Perdue Wrestles With New Allegations in Report*, SALISBURY DAILY TIMES (Oct. 31, 2023), https://www.delmarvanow.com/story/news/local/maryland/2023/10/31/after-no-vote-on-union-perdue-wrestles-with-new-allegations-in-report/71382101007/; FOOD & WATER WATCH, *Advocates Aim to Protect Maryland Farmers from Unfair Treatment by Big Chicken Companies* (Feb. 11, 2016) (attached as Exhibit 1).

1

and (2) they are "needed because the information is not available from other sources." *See Jowite Ltd. P'ship v. Fed. Ins. Co.*, 2019 WL 1513457, *5 (D. Md. Apr. 5, 2019); *Medibill of Maryland, Inc. v. Anesthesia Business Consultants, LLC*, 2005 WL 8174469, at *2–4 (D. Md. Dec. 23, 2005).

I.   **Defendant Has Not Met Its Burden to Show Relevance**

Perdue cannot demonstrate that the requested tax records and information are relevant for two reasons: (1) some requests cover years during which particular Plaintiffs did not work for Perdue, and (2) what a misclassified employee claims on their taxes provides no insight into the actual nature of the grower's relationship with Perdue.

First, Defendant seeks tax returns from some Plaintiffs for years in which they did not work for Perdue. Such returns are plainly irrelevant to the "economic realities" test that courts typically apply in FLSA cases, as they provide no information about working for Perdue

Second, courts in this District repeatedly caution that tax returns and generalized personal financial data have, at best, marginal probative value on the economic realities factors. *See McFeeley v. Jackson Street Entm't*, LLC, 825 F.3d 235, 241–44 (4th Cir. 2016); *see also Jowite*, 2019 U.S. 2019 WL 1513457, at *7–9. The economic realities test examines control, opportunity for profit and loss, investment, skill, permanence, and integration—not the private financial details of a worker's household or tax filing decisions. *McFeeley*, 825 F.3d at 241-44.[2] To the extent Defendant wants to identify exemptions or deductions claimed, exemptions and deductions do not inform whether an employer-employee relationship existed under the FLSA. *See In re Richlawn Turf Farms*, Inc., 26 B.R. 206, 209 (Bankr. D. Colo. 1982). The inquiry turns on the economic realities, not the parties' labels or descriptions. *See Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985) (noting that the associates' renouncement of coverage was not dispositive, as the test of employment is one of "economic reality.").

II.   **Plaintiffs Have Identified Alternative Sources for the Information Sought**

The only thing even potentially relevant to Plaintiffs' FLSA claims in Plaintiffs' tax returns is any income Plaintiffs reported from Perdue or any expenses incurred on behalf of Perdue. Even assuming marginal relevance, Plaintiffs have met their burden to demonstrate that this information is available from other, less intrusive sources—primarily Perdue's *own* records. Perdue indisputably possesses records of the payments it made to Plaintiffs and related deductions, along with contract terms, settlement statements, flock reports, and loans. Where the defendant possesses the best evidence of the transactions at issue, courts decline to compel production of highly private returns and broad personal financial material from plaintiffs. *See Jowite*, 2019 WL 1513457, at *5–9; *Medibill*, 2005 WL 8174469, at *2–4.

---

[2] In the Parties' correspondence regarding this issue, Defendant cited several cases it claimed supported production. To the extent it cites them again in its letter to the Court, these authorities do not provide the support Defendant claims. *Nesselrodte v. Divas, LLC* involved substantially different requests in a different procedural posture and did not hold that FLSA plaintiffs must produce complete tax returns. 2012 WL 13191331, at *1–3 (N.D.W. Va. Oct. 15, 2012). *Saravia v. Dynamex, Inc.*, turned on case-specific showings and does not displace this District's qualified privilege framework. 2016 WL 4140509, at *1–4 (N.D. Cal. Aug. 4, 2016).

Additionally, Plaintiffs have and will provide other records and information showing expenses relating to their work. And Defendant is of course free to ask about such information in depositions. These are precisely the type of alternative sources that bar Defendants' access to sensitive tax information. *Jay Vending Co. v. Dearing*, 2015 U.S. Dist. LEXIS 156480, at *5-8 (D. Md. Nov. 19, 2015) (denying production of tax returns to show losses where plaintiff had produced profit-and-loss statements and other financial records) (attached as Exhibit 2).[3]

### III.     Plaintiff Tripp Has Not Waived the Qualified Privilege

Defendants have previously suggested that Plaintiff Tripp has waived her privilege because she produced her tax records in *Parker v. Perdue*, No. 22-cv-268, in the Northern District of Georgia. Not so. Each case rises or falls on its own record. Whether and how materials were handled in other litigation does not establish that they are relevant and necessary here. In this District, tax returns are disfavored in discovery and are not compelled unless the requesting party makes a case-specific showing of both relevance and genuine need, which Defendant cannot do here. *See Jowite*, 2019 WL 1513457, at *5–9; *Medibill*, 2005 WL 8174469, at *2–4. That standard governs here and is not displaced by Defendant's out-of-circuit authority.[4]

In prior correspondence, Defendant relied on *United States v. All Assets Held at Bank Julius Baer & Co.* as authority. 142 F. Supp. 3d 37 (D.D.C. 2015). But this case is a District of Columbia civil forfeiture matter that turned on a claimant's own litigation conduct and public filings in that very proceeding. *Id.* at 42-48. The court addressed a fact-specific waiver question in that unique posture and ordered narrowly tailored discovery. *Id.* at 45-47. *All Assets* neither binds courts in this District nor converts prior disclosure in separate litigation into an ongoing waiver of the privilege.

On its own terms, *All Assets* limited disclosure to what was relevant to that case's issues and emphasized that confidentiality protections could address sensitivity. *Id.* at 47–48. Controlling authority in this district makes clear that Perdue must still satisfy the two-part qualified privilege showing *for this case*. Prior handling of documents in separate litigation does not provide Perdue a shortcut. *See Jowite*, 2019 WL 1513457, at *5–9.

Plaintiffs respectfully request that the Court deny Perdue's requests for tax returns and tax return information.

---

[3] *See also, e.g., Bujnicki v. Am. Paving & Excavating, Inc.*, 2004 WL 1071736, at *5 (W.D.N.Y. Feb. 25, 2004) (denying compulsion where information available from other financial documents); *Hazeldine v. Beverage Media, Ltd.*, 1997 WL 362229, at *4 (S.D.N.Y. June 26, 1997) (denying production of tax returns where information was available through deposition and "other less intrusive" discovery means).

[4] Defendant has also suggested that Plaintiff's reservation of the right "to use any materials filed and provided in Parker in this matter" in response to a discovery request amounted to a waiver. However, a party's evidentiary reservation merely indicates that the party may rely on such material if it is otherwise admissible and relevant. It does not constitute a blanket concession to enlarge the scope of discovery or waive objections preserved by the Federal Rules. See Fed. R. Civ. P. 26(b)(1), 26(c), 34(b)(2)(C). Plaintiff did not bargain away the case-specific discovery standard through a generic reservation sentence.

Respectfully submitted this November 14, 2025.

<u>/s/ Robert Tucci</u>
Robert W.T. Tucci (Bar no: 31356)
Gregg Cohen Greenberg (Bar no:17291)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
(301) 587-9373
rtucci@zagfirm.com
ggreenberg@zagfirm.com

<u>/s/ Michael A. Goldberg</u>
Jamie Crooks (admitted pro hac vice)
Michael Lieberman
Amanda R. Vaughn
Michael A. Goldberg (admitted pro hac vice)
FAIRMARK PARTNERS LLP
400 7th Street NW
Suite 304
Washington, DC 20001
(202) 417-7111
jamie@fairmarklaw.com
michael@fairmarklaw.com
amanda@fairmarklaw.com
mgoldberg@fairmarklaw.com

*Counsel for Plaintiffs*