**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
www.ogletree.com

Margaret E. Santen
(704) 405-3119
maggie.santen@ogletree.com

November 14, 2025

The Honorable J. Mark Coulson
United States District Court for the District of Maryland
101 W. Lombard St.
Baltimore, MD 21201

RE:  Barbara Tripp, et al., v. Perdue Foods LLC, Civil Action No. 1:24-cv-00987-JMC

Dear Magistrate Judge Coulson:

In accordance with the Court's Memorandum Concerning Discovery issued on April 22, 2025 (D.E. 73), Defendant sets forth its position regarding the discovery dispute with Named Plaintiff and applicable Opt-in Plaintiffs referenced in its November 11, 2025 letter (D.E. 92.)  The parties have met and conferred at length regarding this issue. The below represents Defendant's position on this discovery dispute. All arguments applicable to Plaintiff set forth below are equally applicable to the Opt-in Plaintiffs.[1]

## **Plaintiff's Tax Returns**

In its discovery requests, Defendant asked for Plaintiff's and the applicable Opt-In Plaintiffs' tax returns and various information underlying the same, all of which are <u>directly relevant</u> to the inquiry of whether they are independent contractors or otherwise exempt under the agricultural exemption of the Fair Labor Standards Act ("FLSA"). (*See* Exhibit A.)[2]  These requests are limited to Plaintiffs' federal and state tax returns (specifically, their Schedule Cs ["Profit or Loss From Business"] and Schedule Fs ["Profit or Loss From Farming"][3]), as well as any other documents that constitute, evidence, reflect, or refer to the amount and source of Plaintiffs' income and underlying business deductions and expenses.  Plaintiff objected to these discovery requests: (1) on the basis of the federal qualified privilege for tax returns; and (2) because, in Plaintiff's view, certain of Defendant's own records, such as pay schedules and settlement statements, supply the same information.  <u>Neither argument has merit or is supported in law or fact.</u>

First, the qualified privilege for tax returns has no bearing here and, in any event, Plaintiff Tripp already waived it.  In this Court, tax returns are discoverable if "(1) they are relevant to a matter in dispute; and (2) they are needed, because the information is not available from other sources." *Jowite Ltd. P'ship v. Fed. Ins. Co.*, 2019 U.S. Dist. LEXIS 59726, at *11 (D. Md. Apr. 5, 2019).  "The party seeking disclosure

---

[1] While the Opt-in Plaintiffs served with written discovery have not yet sent formal responses, Plaintiff's counsel confirmed that they would not be producing tax returns for this group either. As such, this issue is ripe for the Court's consideration now.
[2] *See* Interrogatory Nos. 13 and 17 and Request for Production Nos. 7, 8, 14, and 17. A true and complete copy of Plaintiff's interrogatory and request for production responses is attached hereto as **Exhibit A**.
[3] Defendant has clarified that the document request for tax returns is limited to any Schedule Cs and any Schedule Fs.

Atlanta ▪ Austin ▪ Baltimore ▪ Berlin ▪ Birmingham ▪ Boston ▪ Buffalo ▪ Calgary ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Columbus ▪ Dallas ▪ Denver ▪ Detroit Metro
Fresno ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Kansas City ▪ Las Vegas ▪ Lexington ▪ London ▪ Los Angeles ▪ Memphis ▪ Mexico City ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Montréal
Morristown ▪ Munich ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR
Raleigh ▪ Richmond ▪ Sacramento ▪ Salt Lake City ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ St. Louis ▪ St. Thomas ▪ Stamford ▪ Tampa ▪ Toronto ▪ Torrance ▪ Washington, D.C.

carries the burden to show that the tax returns are relevant, and the resisting party carries the burden to identify an alternate source of the information." *Id.*

Regarding the first prong, courts that consider this issue in the context of FLSA independent contractor misclassification lawsuits "routinely" find that tax returns are relevant and discoverable. *Lewis v. Shafer Project Res.*, 2021 U.S. Dist. LEXIS 104877, at *2–3 (S.D. Tex. Jan. 22, 2021); *see Nesselrodte v. Divas, LLC*, 2012 U.S. Dist. LEXIS 202140, at *17 (N.D.W. Va. Oct. 15, 2012) (ordering plaintiffs to produce tax returns because they are "relevant to at least two of the factors constituting the economic realties [sic] test"). Here, by email on August 26, 2025, Defendant identified three specific reasons that Plaintiff's tax returns are highly relevant in this case.[4] These reasons were provided by way of example only.

First, evidence of Plaintiff's profits or losses from farming is relevant to the agricultural exemption under the FLSA. Second, evidence of Plaintiff's profits or losses from her grower business with Perdue or other businesses is relevant to the economic realities test because it shows whether she had substantial sources of her own business. Third, evidence of Plaintiff's profits or losses from her grower business is relevant because it shows, *inter alia*, how much she invested in her business, whether she outsourced her operations to employees she hired and how much she paid any such employees, whether she operated at a profit or loss given her business decisions, and what other business expenses she incurred and deductions she took. This is all evidence this Court will need to consider when it decides whether Plaintiff was an employee or independent contractor under the FLSA. *See McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235, 241 (4th Cir. 2016) (listing factors for the economic realities test that determines "whether a worker is an employee under the FLSA"). In short, Plaintiff's "[t]ax filings are plainly relevant to the independent contractor versus employee inquir[y]," as well as Plaintiff's minimum wage claim generally and, as a result, are plainly within the scope of discovery as articulated in Fed. R. Civ. P. 26(b)(1). *Robinson v. KKC Holdings, Inc.*, 2020 U.S. Dist. LEXIS 246678, at *3 (W.D. Tenn. June 16, 2020).[5]

As for the second prong, Plaintiff has not identified any alternate sources that would contain the information contained in her tax returns, nor can she. Instead, on October 15, 2025, Plaintiff clarified that, in her view, Defendant's own records (such as Producer Poultry Agreements, pay schedules, settlement statements, and other documents showing Perdue-mandated charges or withholdings) contain all of the information Defendant needs to defend this lawsuit. However, Defendant's own records do not contain the same information as the Schedule Cs or Schedule Fs on the tax returns. For example, Defendant's records do not "constitute the primary and most reliable source" for information concerning Plaintiff's profits and losses from her business with Perdue or other outside businesses, her own investments in the business, whether she characterized this as an agricultural business, and whether she hired workers and how much she paid to them, among other things. All such information would, however, be on Plaintiff's tax returns. *Nesselrodte*, 2012 U.S. Dist. LEXIS 202140, at *18; *see Ortiz v. Pin UPS of Daytona Beach, LLC*, 2020 U.S. Dist. LEXIS 257316, at *15 (M.D. Fla. July 31, 2020) (same). In short, the information Plaintiff points to does not "contain all of the relevant information Defendant seeks as discussed above, such as whether Plaintiff[] claim[ed] certain business expenses and reimbursements as income or deductions," among other things. *Lewis*, 2021 U.S. Dist. LEXIS 104877, at *5. Nor could they, because

---

[4] A true and correct copy of Defendant's August 26, 2025, email to counsel for Plaintiff is attached hereto as **Exhibit B**.

[5] In *Parker v. Perdue*, No. 5:22-cv-268-TES (M.D. Ga.), a case in which Plaintiff was initially a party and which was handled by the same primary Plaintiff's firm (Fairmark Law), Plaintiff asserted a similar minimum wage claim and argued that various expenses Plaintiff was responsible for (which may only be found on the Schedule Cs) must be taken into account for this claim.

information about what Plaintiff decided to include in her tax returns or how she operated her other businesses is uniquely in her possession, custody, or control.

Moreover, because Defendant's documents contain information related to how it compensated Plaintiff, they cannot tell the whole story of "whether [Plaintiff] is 'economically dependent on the business to which [s]he renders service or is, as a matter of economic [reality], in business for [her]self'"—which is the quintessential question the factfinder will need to answer when considering if Plaintiff was an employee under the FLSA. *See McFeeley*, 825 F.3d at 241 (quoting *Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 304–05 (4th Cir. 2006)). And, even if there is some overlap between Defendant's documents and Plaintiff's tax returns, this Court has held that the mere fact that certain information is already in the requesting party's possession does not mean it is undiscoverable. *See Schaeffer v. Mayor*, 2023 U.S. Dist. LEXIS 118736, *6–7 (D. Md. July 10, 2023) (rejecting plaintiff's objection to request on grounds defendant also possessed responsive documents and holding defendant is not "expected to completely defer to [p]laintiff'[s] judgment as to what may or may not be relevant within a category of requested documents; it is [p]laintiff's responsibility to produce them if they are in his custody or control"). Indeed, in *Schaeffer* where the defendant requested documents showing plaintiff's economic damages, <u>including tax returns</u>, this Court even noted that "[i]n the Court's view, it is unlikely that Defendant could be in possession of all of the information sought, such as Plaintiff's tax returns." *Id.* at *6 n.3. As such, the "qualified privilege" at issue in *Jowite* has no bearing on Defendant's discovery requests.[6]

In any event, Plaintiff has clearly waived any qualified privilege because she has already produced these same tax returns, without any objection, in the *Parker* litigation and was questioned at length about them in her deposition—again without objection. *See Krakauer v. Dish Network, LLC*, 2015 U.S. Dist. LEXIS 184382, at *5–6 (M.D.N.C. June 24, 2015) (defendants could not assert privilege over two documents because a previous federal court had held that they waived privilege over those same documents); *United States v. All Assets at Bank Julius Baer & Co.*, 142 F. Supp. 3d 37, 46 (D.D.C. 2015) (common law qualified privilege against the disclosure of tax returns is waived where not asserted in the first instance). Indeed, Plaintiff's 2019 and 2020 tax returns were filed in *Parker* nearly two years ago—and Plaintiff has made no attempt to claw them back or strike them from the record on the basis of any privilege, qualified or otherwise. *See* D.E. 60, Motion for Leave to File Plaintiffs' Tax Returns and Confidential Business Records Under Seal, *Parker v. Perdue*, No. 5:22-cv-268-TES (M.D. Ga. filed Jan. 22, 2024).[7] Also, Plaintiff in *this* matter affirmatively "reserve[d] the right to use **any** materials filed and provided in *Parker* in this matter"—which inherently includes, at the very least, Plaintiff's tax returns filed and produced in *Parker*.[8] Plaintiff cannot now seek to assert a privilege that she has already waived.

In sum, for the reasons set forth above, the qualified privilege does not apply to either Plaintiff's or the Opt-in Plaintiffs' tax returns, as these tax returns are clearly relevant to critical defenses in this case. Plaintiff has not—and cannot—establish otherwise. In either event, any such privilege has clearly been waived. The Court should compel production of Plaintiff's and the Opt-in Plaintiffs' tax returns accordingly. Thank you for your consideration and attention to this important matter.

---

[6] While the court in *Schaeffer* did not consider whether the "qualified privilege" applied, the Court's holding that the plaintiff needed to produce the tax returns and other documents is telling: "Whether or not Defendant may itself have possession of some, or even all of these documents, Defendant is entitled to the documents that Plaintiff has." *Id.* at *6.

[7] A true and correct copy of Defendant's Motion for Leave to File Plaintiffs' Tax Returns and Confidential Business Records Under Seal is attached hereto as **Exhibit C**.

[8] Plaintiff included this refrain in response to Request for Production No. 19. (*See* **Exhibit A** at 18 n.1 (emphasis added).)

Magistrate Judge Coulson
November 14, 2025
Page 4

                                            Sincerely,

                                            /s/ Margaret E. Santen

                                            Margaret E. Santen

MES:pr

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

| Jamie Crooks<br>Michael Lieberman<br>Amanda R. Vaughn<br>FAIRMARK PARTNERS, LLP<br>1001 G Street, NW<br>Suite 400 East<br>Washington, DC 20001<br>(617) 721-3587<br>jamie@fairmarklaw.com<br>michael@fairmarklaw.com<br>amanda@fairmarklaw.com | Gregg Cohen Greenberg<br>Robert W.T. Tucci<br>ZIPIN, AMSTER & GREENBERG, LLC<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, MD 20910<br>(301) 587-9373<br>ggreenberg@zagfirm.com<br>rtucci@zagfirm.com | Charles Gerstein<br>GERSTEIN HARROW LLP<br>1001 G Street NW<br>Suite 400 East<br>Washington, DC 20001<br>(202) 670-4809<br>charlie@gerstein-harrow.com<br><br>*Counsel for Plaintiff* |
|---|---|---|

*/s/ Maggie E. Santen*
Margaret E. Santen

*Counsel for Defendant*