IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA TRIPP,                          *

      *Plaintiff,*                *

v.                              *    Civil Action No.: 1:24-CV-00987-JMC

PERDUE FOODS LLC,             *

      *Defendant.*            *

\* \* \* \* \* \* \* \* \* \* \*

<u>**EXHIBIT A**</u>

<u>**TO**</u>

<u>**POSITION STATEMENT**</u>

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

Barbara Tripp, on her own behalf and on
behalf of all others similarly situated,

        *Plaintiff*,

v.

PERDUE FOODS LLC,

        *Defendant.*

Civil Action No. 1:24-CV-987

JURY TRIAL DEMANDED

## PLAINTIFF BARBARA TRIPP'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Barbara Tripp, by and through her undersigned counsel, hereby submits the following responses and objections to Defendant's First Set of Requests for Production of Documents (the "Requests"). Plaintiff reserves the right to amend or supplement these responses in accordance with the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff submits the following responses and production after and based upon a reasonable investigation conducted in response to the Requests. Plaintiff expressly reserves the right (1) to supplement or amend any and all objections and/or information provided at any time upon receipt of additional documents or information, or upon refreshment of recollection; and (2) to object on any ground whatsoever to the use as evidence or any other use of the information provided in this or any other response in any proceeding.

## **GENERAL OBJECTIONS**

The following objections apply to each and every Request and shall have the same force and effect as if set forth in full in response to each. The absence of a reference to a general objection is not a waiver of any objection to a specific Request.

1.      Plaintiff objects to the definition of "Plaintiff," "you," "yours," and "yourself" (Definition No. 10) to the extent that it includes any entity or individual beyond the Plaintiff herself. Plaintiff will produce documents only on behalf of herself.

2.      Plaintiff objects to the definitions of the terms "communication," "document," "Plaintiff," "you," "yours," and "yourself" as broader than the scope of discovery under the Rules. Plaintiff will provide responses and information (including supplementation) in accordance with those Rules, subject to the objections set forth herein.

3.      Plaintiff objects to the Instructions and Requests for Production to the extent they call for Plaintiff to produce documents which are not in her possession, custody, or control and will only produce documents in her possession, custody, or control.

4.      Plaintiff objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, accountant privilege, and any other applicable privileges or immunities. Privileged or protected documents will not be produced. Plaintiff states that inadvertent disclosure, if any, of information subject to any privilege or protection from disclosure is not intended to waive any privilege or protection. Plaintiff reserves the right to recover or claw back any such inadvertently produced information.

5.      Plaintiff reserves the right to make use of, or introduce at any hearing or trial, information or documents responsive to the document requests but discovered and produced subsequent to the date of these responses.

6.      Any documentation that Plaintiff produces in response to a Request should not be construed as implying that the documentation is admissible at trial. Plaintiffs reserve all objections regarding the competency, materiality, relevance, and admissibility of any documents or information provided.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All documents upon which you identified, relied, consulted, and/or reviewed in preparing and/or considering your responses to Defendant's First Interrogatories to Named Plaintiff Barbara Tripp.

**RESPONSE:** Plaintiff objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents that were relied upon in preparing responses to Defendant's First Interrogatories to Named Plaintiff Barbara Tripp that are in Plaintiff's possession, custody, or control.

### REQUEST NO. 2:

All documents concerning your allegation that your independent contractor relationship with Perdue Foods LLC as a Producer was an employment relationship under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and any other state or federal law, as well as any other documents that you may use to support your claims or that you contend reflect, evidence or establish that Perdue Foods LLC was your employer at any time.

**RESPONSE:** Plaintiff objects to this Request as vague, ambiguous, overbroad, and unduly

burdensome because it requires Plaintiff to marshal all potential evidence she may possibly use in any way in this case when discovery has just commenced and the parties have yet to exchange a single document, depose a single witness, or take any other discovery. Plaintiff further objects to this Request as overbroad because it seeks evidence relating to potential claims under irrelevant "other state or federal law[s]." Plaintiff further objects to this Request because it is overbroad and unduly burdensome as it is not limited in any way to a relevant time period. Plaintiff further objects to this Request as it requires Plaintiff to produce documents that are already in Defendant's possession, custody, or control, or are otherwise readily accessible to Defendant. Plaintiff further objects to this Request in that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents that are in Plaintiff's possession, custody, or control, that can be located following a reasonable search, and that relate to the time period relevant to Plaintiff's allegations in this case.

**REQUEST NO. 3:**

All documents regarding or relating to any and all businesses you owned or operated while contracted as a grower for Perdue from 2020 to the present, including all advertisements for these businesses, income generated for or on behalf of these businesses, investments into these businesses, upgrades to farms, tax returns for these businesses, general ledgers for these businesses, and corporate formation documents for these businesses.

**RESPONSE:** Plaintiff objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents related to such concerns.

Plaintiff further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff states that she did not own or operate any businesses while she was contracted as a grower for Perdue and does not, therefore, have documents responsive to this Request.

**REQUEST NO. 4:**

All documents you received from Perdue Foods LLC that constitute, evidence, reflect or refer to your independent contractor relationship with Perdue, including, but not limited to, any agreements, handbooks, policies, training or presentations, emails or other documents setting forth expectations or requirements as a Producer.

**RESPONSE:** Plaintiff objects to this Request as unduly burdensome because it requires Plaintiff to produce documents that are already in Defendant's possession, custody, or control, or are otherwise readily accessible to Defendant. Plaintiff objects to this Request as unduly burdensome and not proportional to the needs of the case because it requests "All" documents and includes no limitation to documents falling within a relevant time period. Plaintiff stands on these objections..

**REQUEST NO. 5:**

All documents constituting, concerning, or referring to any bankruptcy proceedings involving you or any business in which you own, in whole or in part, any ownership interest that you operate(d) while you were a Producer for Perdue Foods LLC.

**RESPONSE:** Plaintiff objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents related to any bankruptcy proceeding "involving" Plaintiff and is not limited in any way to a relevant time period. It therefore

seeks information that can have no possible relevance to the issues in this case. Plaintiff further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff states she is not aware of any bankruptcy proceedings in which she has been involved and does not, therefore, have documents responsive to this Request.

**REQUEST NO. 6:**

All documents concerning or reflecting communications about the execution of your Poultry Producer Agreement and any amendments, extensions, renewals, etc. thereto.

**RESPONSE:** Plaintiff objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents related to such concerns; utilizes the term "etc.," which leaves Plaintiff to guess at which documents Defendant seeks; seeks documents from an undefined time period, and does not identify any specific Poultry Producer Agreement ("PPA"). Plaintiff further objects to this Request to the extent it requires Plaintiff to produce documents that are already in Defendant's possession, custody, or control, or are otherwise readily accessible to Defendant. Plaintiff further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents, that relate to the PPA in effect for the period July 24, 2020, to the

present, that are in Plaintiff's possession, custody, or control that can be located following a reasonable search.

**REQUEST NO. 7:**

All documents concerning, constituting, reflecting or referring to your engagement or payment of a helper, employee, farmhand, or assistant to assist with your obligations as a Producer including, but not limited to, any payment receipts, bank statements, cancelled checks, W-2s, 1099s, schedules, and agreements.

**RESPONSE:** Plaintiff objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents related to such concerns; uses the undefined terms "helper," "employee," "farmhand," and "assistant," leaving Plaintiff to guess at what particular workers Defendant is referring to, and seeks documents for an undefined time period that have no potential relevance to the issues in this case. Plaintiff further objects to disclosure or production of any of her tax returns documents based on the qualified privilege afforded to such documents and information in the United States District Court for the District of Maryland. *See, e.g.*, *Jowite Ltd. P'ship v. Fed. Ins. Co.*, No. SAG-18-2413, 2019 U.S. Dist. LEXIS 59726, at *10 (D. Md. Apr. 5, 2019). Plaintiff will not produce tax return documents.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents for the period July 24, 2020, to the present, relating to any individuals that assisted Plaintiff with caring for chickens grown for Perdue or preparing Plaintiff's houses for new Perdue flocks and that are in Plaintiff's possession, custody, or control and that can be located following a reasonable search. Plaintiff is willing to meet and confer to understand what other individuals Defendant is referring to with "helper, employee, farmhand, or assistant."

**REQUEST NO. 8:**

All documents concerning, constituting, evidencing or reflecting any expenses that you, or any entity you formed or operated in connection with your obligations as a Producer, incurred from July 24, 2020, through the present.

**RESPONSE:** Plaintiff objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents related to such concerns. Plaintiff further objects to this Request to the extent it requires disclosure or production of any of her tax returns documents based on the qualified privilege afforded to such documents and information in the United States District Court for the District of Maryland. *See, e.g.*, *Jowite Ltd. P'ship*, 2019 U.S. Dist. LEXIS 59726, at *10. Plaintiff will not produce tax return documents.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents that are in Plaintiff's possession, custody, or control and that can be located following a reasonable search.

**REQUEST NO. 9:**

All documents, written statements, opinions, or other tangible things constituting, concerning, or referring to any non-privileged communications or exchange of information (regardless of whether initiated by Tripp, Tripp's counsel, or someone else) including but not limited to any emails or messages, Facebook messages, text messages, letters, or memoranda, to, from, between, or with other persons, including any opt-in or putative plaintiffs in this action, entities, or organizations regarding your relationship with Perdue, your allegations in your Complaint, any facts relevant to or related to the allegations in your Complaint, or any affirmative defense raised in this litigation.

**RESPONSE:** Plaintiff objects to this Request as vague, ambiguous, overbroad, and unduly

burdensome in that it purports to seek materials relating to communications with any entity or organization and that relate in any way to Plaintiff's relationship to Perdue regardless of its relevance or proportionality to the issues in this case. Plaintiff further objects because this Request is not limited to in any way to a relevant time period. Plaintiff further objects to this Request as it requires Plaintiff to produce documents that are already in Defendant's possession, custody, or control, or are otherwise readily accessible to Defendant. Plaintiff further objects to this Request to the extent it seeks communications that did not involve Plaintiff. Plaintiff further objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to the and without waiving these objections, Plaintiff will produce non-privileged communications with Perdue that can be located after a reasonable search. Plaintiff is willing to meet and confer with Defendant to determine whether there are other non-privileged communications sought by this request that are both relevant and proportional to the needs of the case.

**REQUEST NO. 10:**

All documents describing, memorializing, or reflecting meetings or communications between you and any management person(s), current or former, of Perdue Foods LLC at any time.

**RESPONSE:** Plaintiff objects to this Request as vague, ambiguous, overbroad, and unduly burdensome because it seeks documents without any limitation to a relevant time period and refers to "management person(s)" without defining that term, leaving Plaintiff to guess at which personnel to whom this Request refers. Plaintiff objects to this Request to the extent it requires Plaintiff to produce documents that are already in Defendant's possession, custody, or control, or

are otherwise readily accessible to Defendant. Plaintiff further objects to this Request in that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, accountant privilege, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents for the period July 24, 2020, to present, that are in Plaintiff's possession, custody, or control and that can be located following a reasonable search.

**REQUEST NO. 11:**

All documents describing, memorializing, or reflecting meetings or communications between you and any Producers, current or former, of Perdue Foods LLC.

**RESPONSE:** Plaintiff objects to this Request as overbroad and unduly burdensome to the extent that it purports to demand production of documents reflecting communications occurring in an undefined time period with any member of a group of thousands of individuals regardless of whether those communications have any relationship to Defendant or any of the matters at issue in this case. Plaintiff objects to this Request to the extent it requires Plaintiff to produce documents that are already in Defendant's possession, custody, or control, or are otherwise readily accessible to Defendant. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents occurring for the period July 24, 2020 to present, with Producers that are relevant within the meaning of Fed. R. Civ. P. 26, are in Plaintiff's possession, custody, or control, and can be located following a reasonable search. Plaintiff is willing to meet and confer

to discuss narrowing or clarifying this Request.

**REQUEST NO. 12:**

All documents concerning, referring to, or reflecting alleged damages for your individual or alleged collective claims in this action, including, without limitation, all documents which you contend evidence the existence or amount of such alleged damages.

**RESPONSE:** Plaintiff objects to this Request to the extent it requires Plaintiff to produce damages calculations that are more appropriately explored toward the end of discovery or that may be subject to expert analysis and opinion. Plaintiff has not prepared and is not required to create for purposes of responding to this Request her complete damages analysis at this time. Plaintiff objects to this Request to the extent it requires Plaintiff to produce documents that are already in Defendant's possession, custody, or control, or are otherwise readily accessible to Defendant. Plaintiff further objects to this Request to the extent it is duplicative of Request No. 8. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents that are in Plaintiff's possession, custody, or control and that can be located following a reasonable search.

**REQUEST NO. 13:**

All documents constituting, concerning, or referring to statements, affidavits, or declarations made by you, or others with respect to your independent contractor relationship with Perdue Foods LLC, the relationship of any other current or former Producers with Perdue Foods LLC, or any of the alleged acts or conduct referred to in the Complaint from July 24, 2020, to

present.

**RESPONSE:** Plaintiff objects to this Request as vague, ambiguous, overbroad, and unduly burdensome in that it purports to seek any document conceivably related in any way to Plaintiff's relationship or any other Producer's relationship with Defendant without any regard to its relevance to the issues in this case. Plaintiff further objects to this Request as overbroad, unduly burdensome, and not proportional because, as written, the Request seeks every document tangentially referencing Plaintiff's or "others" statements without regard to their relevance or proportionality to the issues in this case. Plaintiff further objects to this Request as vague because it seeks documents relating to statements made by "others" without defining the term and leaving Plaintiff to guess whose statements Defendant seeks. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, accountant privilege, and any other applicable privileges or immunities. Privileged or protected documents will not be produced. Plaintiff objects that any material produced in response to this Request does not constitute an admission or imply that Plaintiff or any other Producer did, in fact, have an "independent contractor relationship" with Defendant.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents that are in Plaintiff's possession, custody, or control and that can be located following a reasonable search. Plaintiff is willing to meet and confer to discuss narrowing and clarifying this Request.

**REQUEST NO. 14:**

All audited and unaudited financial statements, profit and loss statements, budgets, income projections, income statements, and reports prepared by you or on behalf of you or any business

through which you operate(d) while you were a Producer for Perdue Foods LLC, including without limitation periodic reports or audits prepared by any accountant, any back-up documentation supporting such reports or audits (such as receipts), and all other documents reflecting your financial performance from July 24, 2020, through the present.

**RESPONSE:** Plaintiff objects to this Request as vague, overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents related to any business operated by Plaintiff "while [she was] a Producer" without regard to whether that business had any relationship to her work for Defendant or any of the matters at issue, claims, or defenses in this case. Plaintiff further objects to this Request as it seeks documents that have no possible relevance to the issues in this case. Plaintiff further objects to this Request as vague, overly broad, and unduly burdensome because it seeks "all" documents "reflecting your financial performance" without defining "financial performance," leaving Plaintiff to guess to what documents Defendant is referring. Plaintiff further objects to this Request to the extent it seeks information relating to Plaintiff's financial information, employment, or business activities after she stopped working for Perdue. Plaintiff further objects to this Request to the extent it seeks tax return information based on the qualified privilege afforded to such documents and information in the United States District Court for the District of Maryland, *see, e.g., Jowite Ltd. P'ship v. Fed. Ins. Co.*, No. SAG-18-2413, 2019 U.S. Dist. LEXIS 59726, at *10 (D. Md. Apr. 5, 2019), and Plaintiff will not provide such information. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents for the period July 24, 2020, through 2021 that are in Plaintiff's

possession, custody, or control and that can be located following a reasonable search.

**REQUEST NO. 15:**

All documents concerning, reflecting, or evidencing any and all occasions in which you applied for a loan, including any small business loan, with Defendant or any other form of financial assistance from Perdue or any other government or financial institution, to fulfill your obligations as a Producer with Perdue, as alleged in Paragraphs 23-24, 61 and 79 of the Complaint, or in further operation of your farms or other businesses.

**RESPONSE:** Plaintiff objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents related to such concerns and is not subject to any temporal limitation. Plaintiff further objects to this Request as it requires Plaintiff to produce documents that are already in Defendant's possession, custody, or control, or are otherwise readily accessible to Defendant. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents for the period July 24, 2020, through the end of Plaintiff's employment with Perdue that are in Plaintiff's possession, custody, or control and that can be located following a reasonable search.

**REQUEST NO. 16:**

All resumes, notes, letters, documents, correspondence, applications or other information you prepared at any time that describes your relationship or work with Perdue Foods LLC.

**RESPONSE:** Plaintiff objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of this case because it seeks "All" documents related to such concerns and includes no temporal limitation. Plaintiff further objects to this Request to the extent it requires Plaintiff to produce documents that are already in Defendant's possession, custody, or control, or are otherwise readily accessible to Defendant. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents that describe Plaintiff's relationship and work with Defendant during the period July 24, 2020, to when she stopped working for Defendant that are in Plaintiff's possession, custody, or control and that can be located following a reasonable search. Plaintiff is otherwise willing to meet and confer to discuss narrowing or clarifying this Request.

**REQUEST NO. 17:**

Your federal and state income tax returns for the years 2020 through present (including any personal returns and corporate tax returns, if any), and all schedules attached thereto, and all other documents that constitute, evidence, reflect or refer to the amount and source of income earned or received by you for the calendar years 2020 to present, including, but not limited to, monies received from employment, independent contract positions, and/or self-employment, as well as any exemptions and/or deductions claimed.

**RESPONSE:** Plaintiff objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents related to such concerns and seeks tax returns that post-date Plaintiff's relationship with Defendant that have no possible relevance to the issues in this case. Plaintiff further objects to this Request to the extent it seeks

information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced. Plaintiff objects to disclosure or production of any of her tax returns based on the qualified privilege afforded to such documents and information in the United States District Court for the District of Maryland. *See, e.g.*, *Jowite Ltd. P'ship v. Fed. Ins. Co.*, 2019 U.S. Dist. LEXIS 59726, at *10 (D. Md. Apr. 5, 2019). Plaintiff stands on these objections.

**REQUEST NO. 18:**

All exhibits, notes, memoranda, letters, policies, postings, pictures of notices or postings, audio recordings, video recordings, or other documents you will use, or may use, in support of your individual or alleged collective allegations in this lawsuit, whether as evidence, base data, or to refresh your recollection or the recollection of any other actual or potential witness.

**RESPONSE:** Plaintiff objects to this Request as vague, ambiguous, overbroad, and unduly burdensome because it requires Plaintiff to marshal all potential evidence she may possibly use in any way in this case when discovery has just commenced and the parties have yet to exchange a single document, depose a single witness, or take any other discovery. Plaintiff objects to this Request as it requires Plaintiff to produce documents that are already in Defendant's possession, custody, or control, or are otherwise readily accessible to Defendant. Plaintiff further objects to this Request as vague, ambiguous, overbroad, and unduly burdensome in that it does not define the terms "base data" or identify in any way what would constitute "refreshing recollection" or about what Plaintiff or another person's recollection would be refreshed, leaving Plaintiff to guess and speculate as to what matters Defendant seeks information about. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities.

16

Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents that are in Plaintiff's possession, custody, or control and that can be located following a reasonable search.

**REQUEST NO. 19:**

All documents concerning or relating to any lawsuit or litigation, whether criminal or civil, in which you have been a party, including but not limited to bankruptcy proceedings, domestic disputes, divorce proceedings, small claims, etc.

**RESPONSE:** Plaintiff objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents related to any litigation, with no limitation to any relevant time period or matters that relate in any way to the issues in this case. Plaintiff objects to this Request as it seeks documents that have no possible relevance to the issues in this case. Plaintiff further objects to this Request to the extent it requires Plaintiff to produce materials that are equally if not more available to Defendant. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff responds that the only litigation to which she has been a party is *Roger Parker v. Perdue*, 5:22-cv-268-TES (M.D. Ga). Because Defendant is a party to that case, it is unduly burdensome to require Plaintiff to produce documents filed in that case and she will not do so. To the extent materials that Plaintiff produced in *Parker* are responsive to Defendant's other Requests for Production in this case, Plaintiff will

produce them in this case.[1]

**REQUEST NO. 20:**

All documents constituting, concerning, or referring to any professional licenses, registrations, professional insurance policies, and/or certifications obtained or held by you, or any entity you formed or operated in connection with or contemporaneous to your PPA with Perdue, for the period of July 24, 2020, through the present.

**RESPONSE:** Plaintiff objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents related to such concerns, includes vague and undefined terms such as "in connection with or contemporaneous to," and seeks documents that have no possible relevance to the issues in this case. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents that are in Plaintiff's possession, custody, or control and that can be located following a reasonable search.

**REQUEST NO. 21:**

All documents concerning any tasks or duties you performed, including any documents evidencing the hours or amount of time you contend working to perform such tasks or duties, in order to fulfill your obligations under the PPA from July 24, 2020, to date.

---

[1] Plaintiff reserves the right to use any materials filed and provided in *Parker* in this matter. Plaintiff further notes that some materials, including portions of Plaintiff's deposition in *Parker*, have been designated confidential pursuant to the protective order in *Parker*.

**RESPONSE:** Plaintiff objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "All" documents concerning any task or duty and does not define the terms "tasks or duties." Plaintiff further objects to this Request to the extent it seeks documents that are already in Defendant's possession, custody, or control, or are otherwise readily accessible to Defendant. Plaintiff further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privileges or immunities. Privileged or protected documents will not be produced.

Subject to and without waiving the foregoing objections, Plaintiff will produce responsive, non-privileged documents not equally accessible to Defendant that are in Plaintiff's possession, custody, or control and that can be located following a reasonable search.

Dated: July 14, 2025

/s/ Amanda R. Vaughn
Gregg Cohen Greenberg (Bar no:17291)
Robert W.T. Tucci (Bar no: 31356)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
(301) 587-9373
ggreenberg@zagfirm.com
rtucci@zagfirm.com

Jamie Crooks (admitted *pro hac vice*)
Michael Lieberman
Amanda R. Vaughn (Bar No. 19184)
FAIRMARK PARTNERS LLP
400 7th Street NW, Suite 304
Washington, DC 20004
(617) 721-3587
jamie@fairmarklaw.com
michael@fairmarklaw.com
amanda@fairmarklaw.com

*Counsel for Plaintiff and the Collective*

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

Barbara Tripp, on her own behalf and on
behalf of all others similarly situated,

*Plaintiff*,

v.

PERDUE FOODS LLC,

*Defendant.*

Civil Action No. 1:24-CV-987

JURY TRIAL DEMANDED

### PLAINTIFF BARBARA TRIPP'S FIRST AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Barbara Tripp, by and through her undersigned counsel, objects and responds as follows to Defendant's First Set of Interrogatories ("Interrogatories"). Plaintiff reserves the right to amend or supplement these responses in accordance with the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Plaintiff submits the following responses after and based upon a reasonable investigation conducted in response to the Interrogatories. Plaintiff expressly reserves the right (1) to supplement or amend any and all objections and/or information provided at any time upon receipt of additional information or upon refreshment of recollection; and (2) to object on any ground whatsoever to the use as evidence or any other use of the information provided in this or any other response in any proceeding.

## **GENERAL OBJECTIONS**

The following objections apply to each and every Interrogatory and shall have the same force and effect as if set forth in full in response to each. The absence of a reference to a general objection is not a waiver of any objection to a specific Interrogatory.

1.      Plaintiff objects to Instruction D to the extent that it exceeds Plaintiff's obligations to answer Interrogatories under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff will answer to the full extent of Rule 33 and not beyond.

2.      Plaintiff objects to the definition of "Identify" to the extent that it exceeds Plaintiff's obligations to answer Interrogatories under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff will answer with information in her possession, custody, or control.

3.      Plaintiff objects to the definition of "Plaintiff," "you," and "yours" (Definition E) to the extent that it includes any entity or individual beyond the Plaintiff herself. Plaintiff will answer the Interrogatories only on behalf of herself with information in her possession, custody, or control.

## **RESPONSES TO INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Please identify yourself and state your full name, including middle name, and all nicknames or aliases by which you have been known.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Barbara Elaine Rhea Tripp; Sex: Female; Date of Birth: August 9, 1963; Social Security Number: 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; Telephone: (252) 325-2930; Address: 147 Tripp Rd, Aulander, NC 27805.

**INTERROGATORY NO. 2:**

Identify the amount and source of income earned or received by you for the calendar years 2020 to present, including, but not limited to, any monies received from employment, self-employment, independent business ownership, or independent contractor positions and, for each, please provide: (a) the name, address, and phone number of each employer and/or self-employment arrangement; (b) the dates of each period of employment and/or self-employment; and (c) the reason for leaving each employer and/or self-employment arrangement.

**RESPONSE:** Plaintiff objects to this Interrogatory as harassing, unduly burdensome, overbroad, not relevant to the claims or defenses in this case, and not proportional to the needs of the case because it seeks information relating to Plaintiff's employment after Plaintiff stopped working for Perdue that has no relevance to the issues in this case. Plaintiff further objects to this Interrogatory as unduly burdensome because it seeks information that is already in Defendant's possession.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: While employed by Perdue, Plaintiff had no other employment and did not own or operate any businesses. Further, pursuant to Fed. R. Civ. P. 33(d), Plaintiff directs Defendant to the following Bates ranges: TRIPP000003-04; TRIPP000016-20; TRIPP000031-35; TRIPP000211-12; TRIPP000228-29; TRIPP000240-41; and TRIPP000251-53.

**INTERROGATORY NO. 3:**

Identify each person with knowledge, or who you believe has knowledge, of the facts alleged in your Complaint, giving the count number(s) and paragraph(s) of which each person has knowledge, or you believe has knowledge.

**RESPONSE:** Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent that it purports to require Plaintiff to marshal all available proof she may offer at trial now

3

while discovery is ongoing. Moreover, to the extent such person(s) with knowledge are non-growers (that is, salaried employees) employed by Defendant, the burden of compiling responsive information and responding to this request is lower for Defendant than for Plaintiff. Plaintiff further objects to this Interrogatory as unreasonable as no individual could reasonably be expected to remember this information for years-old interactions, and as such, Plaintiff has provided count numbers and not paragraph numbers. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege or that constitutes attorney work product, including any applicable common interest privilege.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

- Jason Tripp (Son)
  - Address: 2118 Republican Road, Aulander, NC 27805
  - Phone: (252) 348-2681
  - Counsel: Plaintiff has no knowledge of representation.
- Sandra Emory (Friend)
  - Address: 2913 Virginia Rd, Tyner, NC 27980
  - Phone: (252) 287-5937
  - Counsel: Represented by Fairmark Partners, LLP
- Corris Jenkins (Neighbor)
  - Address: 108 Oakland Farm Rd, Ahoskie, NC 27910
  - Phone: (252) 287-9720
  - Counsel: Plaintiff has no knowledge of representation.
- Steve Mizelle (Farm Hand)
  - Address: 1845 US Hwy 13 North, Ahoskie, NC 27910
  - Phone: (252) 325-2899
  - Counsel: Plaintiff has no knowledge of representation.
- Lee Mizelle (Farm Hand)
  - Address: 134 Askewville Rd, Windsor, NC 27983
  - Phone: (252) 724-0274
  - Counsel: Plaintiff has no knowledge of representation.
- Mike Alligood (Farm Hand)
  - Address: 203 North Commerce St, Aulander, NC 27805
  - Phone: (252) 287-3412
  - Counsel: Plaintiff has no knowledge of representation.
- Kyle Moseley (Farm Hand)
  - Plaintiff has no knowledge of or reasonable access to Mr. Moseley's address, contact information or status of representation.
- Mike Hewitt (Electrician)
  - Plaintiff has no knowledge of or reasonable access to Mr. Hewitt's address or status of representation.

4

- • Phone: (252) 395-0157
- Caroline Evans (Perdue)
  - • Plaintiff declines to provide the requested information because Ms. Evans is an employee, agent, or representative of Defendant, and Defendant has superior access to such information, making this request unduly burdensome under Federal Rule of Civil Procedure 26(b)(2)(C).
- Kevin Jones (Perdue)
  - • Plaintiff declines to provide the requested information because Mr. Jones is an employee, agent, or representative of Defendant, and Defendant has superior access to such information, making this request unduly burdensome under Federal Rule of Civil Procedure 26(b)(2)(C).
- Larry Belch (Perdue)
  - • Plaintiff declines to provide the requested information because Mr. Belch is an employee, agent, or representative of Defendant, and Defendant has superior access to such information, making this request unduly burdensome under Federal Rule of Civil Procedure 26(b)(2)(C).
- Preston Gernigan (Perdue)
  - • Plaintiff declines to provide the requested information because Mr. Gernigan is an employee, agent, or representative of Defendant, and Defendant has superior access to such information, making this request unduly burdensome under Federal Rule of Civil Procedure 26(b)(2)(C).
- Danny Ganes (Perdue)
  - • Plaintiff declines to provide the requested information because Mr. Ganes is an employee, agent, or representative of Defendant, and Defendant has superior access to such information, making this request unduly burdensome under Federal Rule of Civil Procedure 26(b)(2)(C).
- Brad Williams (Perdue)
  - • Plaintiff declines to provide the requested information because Mr. Williams is an employee, agent, or representative of Defendant, and Defendant has superior access to such information, making this request unduly burdensome under Federal Rule of Civil Procedure 26(b)(2)(C).
- Doug Johnson (tax preparer)
  - • Plaintiff has no knowledge of or reasonable access to Mr. Johnson's address or status of representation.
  - • Phone: (252) 792-1067
- Benny Bunting (RAFI-USA)
  - • Plaintiff has no knowledge of or reasonable access to Mr. Bunting's address, contact information or status of representation.
- All putative plaintiffs and opt-in Plaintiffs

Each of the above is believed to have knowledge relevant to Counts 1 and 2 of the Complaint (minimum wage and overtime). All individuals other than those listed as affiliated with Perdue are Plaintiff's family, friends, acquaintances, or co-plaintiffs who can be contacted through Plaintiff's counsel. Discovery is ongoing and Plaintiff reserves the right to supplement her response.

5

**INTERROGATORY NO. 4:**

Identify each person, other than your attorneys, with whom you have discussed your individual and alleged collective claims in this action, including the alleged unlawful acts and alleged damages set forth in your Complaint, and any individuals with whom you have spoken regarding joining the lawsuit or their interest in joining the lawsuit. For each individual, state the date(s) of each communication, the substance of each communication, who initiated the communication, and whether the communication was in writing or via phone.

**RESPONSE:** Plaintiff objects to the lack of temporal scope of this Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate. Plaintiff further objects to this Interrogatory to the extent the phrase "discussed your individual and alleged collective/class claims in this action, including the alleged unlawful acts and alleged damages set forth in your Complaint" is overly broad, vague, and ambiguous. To the extent this phrase might be read to include any conversation involving any topic that touches on any issue in the case in any way, this Interrogatory is overly broad and unduly burdensome as it would essentially require a detailed description of every communication Plaintiff ever had with anyone regarding her work for Perdue. Requiring Plaintiff to describe, in detail, every conversation she ever had with anyone regarding her work for Perdue, where many of these communications occurred years ago, is neither practical nor proportionate to the needs of the case. Plaintiff objects to this Interrogatory to the extent it requires Plaintiff to identify individuals "with whom you have spoken regarding joining the lawsuit or their interest in joining the lawsuit," because whether someone is interested in joining the lawsuit is not relevant to the issues in this case. Plaintiff further objects because to the extent persons with whom Plaintiff has communicated are non-growers (that is, salaried employees) employed by Defendant, the burden of compiling responsive information and responding to this request is lower for

6

Defendant than it is Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege or that constitutes attorney work product, including any applicable common interest privilege. Plaintiff will respond as to individuals with whom she has discussed Defendant's exercise of extensive control over growers as relevant to Plaintiff's misclassification claims.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

- Jason Tripp (Son)
- Corris Jenkins (Neighbor)
- Horace Rhea[1] (Father)
- Carol Thames (Mother)
- Sandra Emory (Friend)
- Lee Mizelle (Farm Hand)
- Steve Mizelle (Farm Hand)
- Benny Bunting (RAFI-USA)
  - One communication in the spring of 2023
  - Bunting initiated by a phone call
  - Plaintiff discussed how growers start with Perdue under the assumption that they are independent contractors but that Perdue has an extraordinary amount of input from Perdue regarding how the grower performs their job. Plaintiff further discussed how Perdue was unfair in its expectations of growers compared to the compensation it provides to them.

With respect to everyone listed above, other than Mr. Bunting, Plaintiff believes that she has, at one time or another, discussed generally her experience growing for Perdue with the individuals listed above. To the best of Plaintiff's knowledge and recollection at this time, these were all verbal conversations that did not involve granular details of her specific claims. Plaintiff has no specific record or recollection of when these conversations occurred or the particular items discussed.

**INTERROGATORY NO. 5:**

Identify with specificity all monetary and/or other damages you are seeking for both your individual claims and collective claims on behalf of the collective members you seek to represent,

---

[1] Mr. Rhea is deceased.

including the amounts for each item of damages broken down by month, what each item of damages represents or what the damages are for, the mathematical formula or formulas on which you are calculating damages for both your individual and collective claims, and what documents support the requested damages sought, including the amount of the same.

**RESPONSE:** This Interrogatory is a contention interrogatory addressing issues which are more appropriately explored at or near the close of discovery, after all documents have been produced and expert opinions have been offered. In short, Plaintiff has not prepared and is not required to create for purposes of responding to an interrogatory her complete damages analysis at this time.

Plaintiff further objects that this Interrogatory is overly broad and unduly burdensome to the extent it requests information beyond a description of the categories of damages Plaintiff is seeking. Plaintiff's identification of the general categories of damages she seeks provides sufficient information to guide discovery, while providing specific calculations would be premature and unhelpful on an incomplete record. Plaintiff further objects to this Interrogatory as it requires Plaintiff to marshal all of her available proof she intends to offer at trial. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege or that constitutes attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff will provide the following description of the categories of damages Plaintiff is seeking: damages for Plaintiff and the collective include wages and overtime pay and other benefits that were required under the FLSA and improperly withheld, including (but not limited to) actual damages, liquidated damages, and prejudgment interest; compensation for expenses undertaken for Defendant's benefit that Defendant improperly required Plaintiff and collective members to pay or improperly deducted from their compensation, such as for supplies and capital expenditures; as well as an award of attorneys' fees and expenses. Plaintiff reserves the right to update her responses as more discovery

8

is conducted.

**INTERROGATORY NO. 6:**

Identify all persons providing information used to respond to these Interrogatories and/or Defendant's First Request for Production of Documents and/or all persons assisting in the development of the responses to these Interrogatories and/or Defendant's First Request for Production of Documents.

**RESPONSE:** Plaintiff objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege or that constitutes attorney work product.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Barbara Elaine Rhea Tripp.

**INTERROGATORY NO. 7:**

Have you ever been a party to, or witness in, any lawsuit or litigation? If your answer is anything other than an unqualified "no," then state for each such case in which you were involved the following information: (a) the title and nature of the action and a brief description of your role or part in it; (b) the names and addresses of the court and the case number; (c) the names and addresses of all parties; (d) the date the action was initiated; (e) the nature of the allegations; and (f) the verdict, judgment, or other outcome of the case.

**RESPONSE:** Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as it requests information about proceedings with no relation to the issues in this case. Plaintiff additionally objects to this Interrogatory because the burden of compiling responsive information and responding to this request is the same or lower for Defendant as it is for Plaintiff. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege or that constitutes attorney work product, including any applicable common interest privilege.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

- *Roger Parker v. Perdue Foods LLC*, 5:22-cv-268-TES (M.D. Ga) – Plaintiff objects to providing additional information about this case because Defendant is a party to it and thus the burden of compiling responsive information and responding to this request is the same or lower for Defendant as it is for Plaintiff.

## INTERROGATORY NO. 8:

Have you ever been a party to or filed bankruptcy, either personally or on behalf of a company in which you had an ownership interest? If so, please state the (a) bankruptcy case number; (b) date of filing, nature of bankruptcy (i.e. Chapter 7, 13, etc.); (c) case number; (d) state in which you filed bankruptcy, and (e) status of bankruptcy.

**RESPONSE:** Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as it requests information about proceedings with no relation to the issues in this case. Plaintiff further objects to this Interrogatory because the burden of compiling responsive information and responding to this request is the same or lower for Defendant as it is for Plaintiff. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome because it has an unlimited temporal scope and is not limited to a relevant time period.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

## INTERROGATORY NO. 9:

Identify all individuals, third-party entities, public interest groups or organizations with whom you, or any attorneys, paralegals, or other representatives or agents have communicated or received statement(s) from, whether orally or in writing, regarding your allegations in this lawsuit, Perdue and its relationship with its Producers or any individual Producer, the independent contractor status of Producers, or interest in this lawsuit. For each individual, third-party entity, public interest group or organization, state the date(s) of each communication or statement, the substance of each communication or statement, who initiated the communication, the form and

method of communication (e.g., phone call, email, text message, in-person meeting, etc.), and identify any documents or writings relating to the communication.

**RESPONSE:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional because it seeks apparently unsolicited communications sent from nonparties to Plaintiff and numerous other individuals that involve anything related in any way at all to Perdue's relationship with any Producer regardless of its relevance to the issues in this lawsuit. Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional because it includes no limitation to a relevant time period and no individual could be reasonably be expected to remember the requested details of years-old interactions. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege or that constitutes attorney work product, including any applicable common interest privilege and expert witness work product protections. Plaintiff further objects to this Interrogatory because it seeks communications with individuals about "interest in this lawsuit" and someone's "interest in this lawsuit" has no relevance to the issues in this case. Plaintiff further objects to this Interrogatory because it seeks information about communications that did not involve Plaintiff. Plaintiff further objects to the extent it seeks information that is cumulative to Interrogatories No. 3 and 4.

Subject to and without waiving the foregoing objections, Plaintiff agrees to answer to the extent this Interrogatory seeks information about nonparties with whom Plaintiff had communications about her work for and compensation from Perdue from July 24, 2020, to present. Plaintiff answers as follows: Plaintiff directs Defendant to her responses to Interrogatories No. 3 and 4. Plaintiff is willing to meet and confer with Defendant to discuss narrowing or clarifying this Interrogatory.

## INTERROGATORY NO. 10:

Identify all email addresses and hosting website addresses you have had and/or used for

11

the period of July 24, 2020 to present by providing: the (a) email address; (b) website address; (c)

internet service provider for each address; (d) name under which your account was opened and maintained; (e) time period the account was open and used; and (f) account number for each account.

**RESPONSE:** Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case, as it requests information about email accounts and website regardless of their relation to Plaintiff's employment with Defendant. Subjecting Plaintiff's personal communications that have no connection to any issue relevant to this case to discovery would serve no purpose other than to embarrass and annoy. Plaintiff interprets this Interrogatory to seek email accounts and hosting website addresses she used for her employment with Defendant. Plaintiff further objects to subparts (c)-(e) as unduly burdensome and not proportional because no ordinary individual possesses this information for years' old accounts.

Subject to and without waiving the foregoing objections, Plaintiff responds that Plaintiff had/used no email addresses or hosting website addresses during the requested period.

**INTERROGATORY NO. 11:**

Identify all telephones and other electronic communications devices you have had and/or used for the period of July 24, 2020 to present, including the current location of each device and any telephone numbers that are or have been associated with each such device. For all electronic devices no longer in your possession, provide the manner in which you disposed of each device and the date on which you disposed of each device.

**RESPONSE:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case, as it requests information about telephones and other communications devices with no relation to Plaintiff's employment with Defendant. Plaintiff interprets this Interrogatory to seek telephones and other electronic communication devices she

13

used for her employment with Defendant. Plaintiff further objects to the request for manner and

date of disposal of electronic devices, as it is unreasonable to expect an individual to recollect such

details years after the fact. Plaintiff will respond as to phone numbers used during the time period

of her employment with Defendant and in relation to her employment with Defendant.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

- Current phone:
    - Carrier: US Cellular
    - Number: (252) 325-2930

- Prior phone used during the relevant time period (deactivated after replacing it in or
  around summer 2022):
    - Carrier: US Cellular
    - Number: (252) 325-2930
    - Plaintiff still has possession of this phone.

## INTERROGATORY NO. 12:

Identify any communications from or to you, including, but not limited, to emails, text

messages, online messages, online advertisements, chat groups, or websites containing

communications pertaining to the allegations in the Complaint or your fulfillment of obligations

under the PPA. Responses to this Interrogatory should include all such websites, newsgroups, chat

pages, or services, etc. and the name of any groups you subscribed to and/or participated in,

including any applicable user names or group names you used or under which any comments or

advertisements were posted by you or your agents.

**RESPONSE:** Plaintiff objects to the lack of temporal scope of this Interrogatory as overly broad,

unduly burdensome, irrelevant, and disproportionate because it includes no limitation to a relevant

time period and no ordinary individual possesses this information for years' old online interactions.

Plaintiff additionally objects to this Interrogatory to the extent it seeks information covered by the

attorney-client privilege or that constitutes attorney work product, including any applicable

common interest privilege and expert witness work product protections. Plaintiff further objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome because it requests "any communication" regardless of its relevance or proportionality to the issues in this case. Plaintiff understands this Interrogatory to be requesting communications conducted online, by email, or by text message only.

With that understanding, and subject to and without waiving the foregoing objections, Plaintiff responds that she is not aware of any communications responsive to this Interrogatory.

**INTERROGATORY NO. 13:**

State whether you have filed federal or state tax returns for 2020 – present (either individual returns and/or returns for a business or sole proprietorship), including the identification of any deductions and exemptions claimed (e.g., agricultural exemption) on federal Schedule C-Profit or Loss from Business or state tax documents. If you have requested an extension in lieu of filing a return, identify the dates upon which you sought and obtained an extension.

**RESPONSE:** Plaintiff objects to the temporal scope of this Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate because it seeks information relating to Plaintiff's tax returns for years after she was employed by Defendant that have no possible relevance to the issues in this case. Further, Plaintiff objects to disclosure or production of any of her tax returns based on the qualified privilege afforded to such documents and information in the United States District Court for the District of Maryland. *See, e.g.*, *Jowite Ltd. P'ship v. Fed. Ins. Co.*, No. SAG-18-2413, 2019 U.S. Dist. LEXIS 59726, at *10 (D. Md. Apr. 5, 2019).

Subject to and without waiving the foregoing objections, Plaintiff responds that she filed her federal and state taxes for 2020 on approximately September 15, 2021, and filed her federal and state taxes for 2021 on approximately September 15, 2022, in both instances after seeking and obtaining filing extensions. With respect to the rest of this interrogatory, Plaintiff stands on her objections.

15

**INTERROGATORY NO. 14:**

Identify all facts and all documents in your possession that you contend reflect or evidence that the Defendant engaged in conduct that you believe violated the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., or any statutory or regulatory requirement.

**RESPONSE:** This Interrogatory is a contention Interrogatory addressing issues that are more appropriately explored near the close of discovery, after all documents have been produced, depositions have been taken, and expert opinions have been offered. Plaintiff further objects to this Interrogatory as it requires Plaintiff to marshal all of her available proof she intends to offer at trial. Plaintiff responds with categories of facts and documents currently in her possession that support her claims; Plaintiff will supplement her response to this Interrogatory as she obtains more documents supporting her claims in discovery. Plaintiff further objects to this Interrogatory to the extent it seeks information covered by the attorney-client privilege or that constitutes attorney work product, including any applicable common-interest privilege and expert witness work product protections.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Written documents and oral statements made by Perdue personnel evidencing the control Perdue exercised over Plaintiff's work for Perdue, such as guidelines and biosecurity policies and conversations with Perdue supervisors directing and controlling Plaintiff's work; Plaintiff's firsthand knowledge of the hours she worked under Perdue's control and for Perdue's benefit; evidence of financial harm, such as loans and upgrades Plaintiff was required to undertake for Perdue's benefit.

**INTERROGATORY NO. 15:**

Identify all facts and documents that you contend support, reflect, establish, or evidence that, or on which you base your contention, the Defendant is your employer, you are not an

16

independent contractor, and Defendant did not permit Plaintiff to use her own "skills, knowledge, and discretion" in her work performance.

**RESPONSE:** Plaintiff objects on the grounds that this Interrogatory is constructively compound and consists of 3 separate interrogatories requesting Plaintiff: (1) identify all facts and documents Plaintiff contends show that Perdue is Plaintiff's employer; (2) identify all facts and documents Plaintiff contends show that Plaintiff is not an independent contractor; and (3) identify all facts and documents Plaintiff contends show showing that Defendant did not permit Plaintiff to use her own "skills, knowledge, and discretion" in her work. Due to the compound nature of this Interrogatory, Plaintiff counts this as 3 interrogatories against the 25 total allotted pursuant to FRCP Rule 33. Plaintiff further objects because these interrogatories are contention interrogatories require Plaintiff to marshal all of the available proof she intends to offer at trial and requiring Plaintiff to address issues that are more appropriately explored near the close of discovery, after all documents have been produced, depositions have been taken, and expert opinions have been offered. Plaintiff responds with categories of facts and documents currently in her possession that support her claim; Plaintiff will supplement her responses to these interrogatories as she obtains more documents supporting her claim in discovery. Plaintiff further objects to these interrogatories to the extent they seek information covered by the attorney-client privilege or that constitutes attorney work product, including any applicable common-interest privilege and expert witness work product protections.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Written documents and oral statements by Perdue personnel evidencing the control Perdue exercised over Plaintiff's work for Perdue, such as guidelines and biosecurity policies and conversations with Perdue supervisors directing and controlling Plaintiff's work; Plaintiff's firsthand knowledge of the hours she worked under Perdue's control and for Perdue's benefit.

**INTERROGATORY NO. 16:**

Identify all occasions in which you applied for a loan, e.g., as alleged in Paragraphs 23-24, 61 and 79 of the Complaint, or any other form of financial assistance from Perdue or any other financial institution to fulfill your obligations as a Producer with Perdue or otherwise operate your farms or businesses including (a) the date on which you applied; (b) the amount you requested; (c) the reason the requested funds were needed; (d) the amount provided by Perdue or other financial institution in response to the request; and (e) the reason provided by Perdue or the institution for a denial, if no line of credit or loan was provided in response to the referenced request.

**RESPONSE:** Plaintiff objects to the temporal scope of this Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate because it does not include any limitation to a relevant time period. Plaintiff further objects to this Interrogatory because the burden of compiling responsive information and responding to this request is the same or lower for Defendant as it is for Plaintiff to the extent any such application was made to Perdue.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**Lender: Perdue**
- Date: Plaintiff estimates that this was 2019.
- Amount/Purpose: approximately $5,000; fans to increase wind speed.
- Outcome: Granted

**INTERROGATORY NO. 17:**

Identify any and all individuals who assisted you with your obligations as a Producer with Perdue Foods LLC, including the (a) date(s) such individual(s) assisted you; (b) amount of money paid to such individual(s); (c) manner of payment (cash, check, etc.), and (d) whether you took a deduction on your tax returns for such payment(s).

**RESPONSE:** Plaintiff objects to the temporal scope of this Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate because it does not include any limitation to a relevant time period and no individual could be expected to remember this information for years old interactions. Further, Plaintiff objects to disclosure or production of the tax return information requested based on the qualified privilege afforded to such information in the United States District Court for the District of Maryland, *see, e.g.*, *Jowite Ltd. P'ship*, 2019 U.S. Dist. LEXIS 59726, at *10, and will not provide such information. Plaintiff further objects to this Interrogatory as vague, ambiguous, and overbroad because it does not explain what Defendant means by "assisted," leaving Plaintiff to guess as to the specific range of possible assistance about which Defendant is interested. Plaintiff is willing to meet and confer to understand what other individuals Defendant is referring to with "helper, employee, farmhand, or assistant." Plaintiff will identify individuals who Plaintiff paid to assist with either caring for chickens grown for Perdue or preparing Plaintiff's houses for new Perdue flocks during the period July 24, 2020, to the time Plaintiff stopped working for Perdue. Plaintiff is willing to meet and confer to discuss clarifying and narrowing this Interrogatory to the extent it seeks anything else.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

- Corris Jenkins; assisted approximately 4-5 times; paid approximately $300 each time; paid by check or cash.
- Steve Mizelle; assisted approximately 4-5 times; paid approximately $300-$450 each time; paid by check or cash.

- Kyle Moseley; assisted 1 time; paid $300; check.
- Mike Alligood – assisted approximately 4-5 times; paid $100-150 per time; cash.

## INTERROGATORY NO. 18:

Identify any business entity, whether current or past, that you formed or operated for any purpose, including the purpose of fulfilling your contractual obligations as a Producer, including when you formed that entity and how long it was in operation.

**RESPONSE:** Plaintiff objects to the temporal scope of this Interrogatory as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case as it includes no limitation to a relevant time period. Plaintiff further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate because it seeks information that is related in no way to the Plaintiff's relationship with Defendant or to the claims, allegations, defenses, or issues in the matter.

Subject to and without waiving the foregoing objections, Plaintiff responds that she is not aware of any business entity she has formed or operated.

## INTERROGATORY NO. 19:

Identify all hours, including overtime hours (hours greater than 40 in a single week and/or as referenced in the complaint), you contend you worked during the period July 24, 2020, to the present, including a description of the work or tasks you contend you performed during this time and the amount of time you contend you spent performing the identified work and/or tasks. Please identify any records you prepared and/or maintained which described those overtime hours, including, but not limited to, any daily logs, receipts, planners, and notebooks.

**RESPONSE:** Plaintiff objects to this Interrogatory as overly broad and unduly burdensome as it requests a daily accounting of hours and tasks for each day for work performed years ago. Requiring Plaintiff to reconstruct such an accounting would impose an unreasonable, if not

impossible, burden and is plainly disproportionate to the needs of the case. Moreover, the burden to retain employees records, including records of time worked, is on the employer (here, Perdue), not the employee (here, Plaintiff); thus, to the extent Perdue did not keep such records, it cannot shift its burden on Plaintiff to produce them. Plaintiff further objects to this Interrogatory because it seeks information regarding Plaintiff's day-to-day work from before July 24, 2020, the current start of the relevant time period. Plaintiff further objects to this Interrogatory to the extent it seeks information that is more readily available to Defendant; for example, in Defendant's policies and procedures. Plaintiff also objects to this Interrogatory as compound, as it seeks multiple distinct pieces of information within a single request. Plaintiff will respond with categories of tasks she performed and her estimate of hours worked per week.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff regularly worked approximately 12 hours per day, 7 days per week when she had flocks, often working from approximately 7am to 9pm. Between flocks, Plaintiff typically worked approximately 40 hours per week to clean out the poultry houses and prepare for the next flock. The types of tasks Plaintiff executed to fulfill her obligations under the Perdue Poultry Producer Agreement include, but are not limited to: walkthroughs of all poultry houses multiple times per day; coordinating and planning work, maintenance, and upkeep; disposal of dead birds; moving migration fences; checking/replacing rat bait; mowing and weed-whacking around poultry houses and driveways; monitoring/refilling decontamination pans; monitoring/adjusting lights, fans, vents, tunnel machines, curtains, temperatures, water, heaters, and feed in poultry houses; monitoring/repairing/adjusting feed lines, water lines, and other equipment; cleaning the litter in the houses; cleaning feed pans; and flushing water lines.

**INTERROGATORY NO. 20:**

If you intend to introduce a testifying expert at the trial of this matter, identify the expert and describe the opinions the expert intends to provide at the hearing.

**RESPONSE:** Plaintiffs object to this request as premature to the extent it seeks the identification of experts and a summary of their opinions before any discovery has occurred and before the time provided by the Court's Scheduling Order, ECF No. 72. Plaintiff further objects to this Interrogatory to the extent it seeks information exceeding the requirements of Federal Rule of Civil Procedure 26(a)(2). Plaintiff will provide this information as required by the Court's Scheduling Order and Federal Rule of Civil Procedure 26(a)(2).

Dated: August 29, 2025

/s/ Michael A. Goldberg
Gregg Cohen Greenberg (Bar no:17291)
Robert W.T. Tucci (Bar no: 31356)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
(301) 587-9373
ggreenberg@zagfirm.com
rtucci@zagfirm.com

Jamie Crooks (admitted *pro hac vice*)
Michael Lieberman
Amanda R. Vaughn (Bar No. 19184)
Michael A. Goldberg
FAIRMARK PARTNERS LLP
400 7th Street NW, Suite 304
Washington, DC 20004
(617) 721-3587
jamie@fairmarklaw.com
michael@fairmarklaw.com
amanda@fairmarklaw.com
mgoldberg@fairmarklaw.com

*Counsel for Plaintiff and the Collective*

## **VERIFICATION**

     I SWEAR AND AFFIRM that the foregoing Interrogatory Responses are true and correct and testified to from my personal, first-hand knowledge.


*/s/ Barbara Tripp*\*                            8/29/2025

Barbara Tripp                                    Date

(\*with permission)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA TRIPP,                          *

     *Plaintiff*,                          *

v.                                      *    Civil Action No.: 1:24-CV-00987-JMC

PERDUE FOODS LLC,                       *

     *Defendant*.                          *

\* \* \* \* \* \* \* \* \* \* \*

## EXHIBIT B

## TO

## POSITION STATEMENT

| | |
|---|---|
| **From:** | Smith, Charlotte C. |
| **Sent:** | Tuesday, August 26, 2025 6:51 PM |
| **To:** | Robert Tucci; Santen, Margaret; Niccolini, Robert R.; Hishta, Kevin; Swerdlin, Mark J.; Wooten, Virginia M.; Catoe, Catherine D.; Rathmell, Peter C.; Jefferies, Carolyn G. |
| **Cc:** | Mike Goldberg; Amanda Vaughn; Annie Cleaver; Jamie Crooks; Michael@fairmarklaw.com; Gregg Greenberg; Margaret Pace |
| **Subject:** | RE: Tripp et al. v. Perdue Foods LLC |

Robert:

Thanks for the call yesterday. While there are a number of additional items outstanding regarding Plaintiff Tripp's responses (*e.g.,* communications with third parties, knowledge of witnesses, documents relating to Plaintiff Tripp's relationship with Perdue), we understand Plaintiff will provide supplemental responses and documents no later than this Friday (8/29). In the meantime, we address your request regarding Plaintiff's duty to produce tax documents below.

First, Plaintiff has already produced her tax returns in *Parker*, and Mr. Parker also produced his tax returns in that matter without objection. Amanda and Jamie are lead counsel in that case and here. You have waived any argument that the tax returns are not relevant. *See Krakauer v. Dish Network, LLC*, 2015 WL 12752731, at *2 (M.D.N.C. June 24, 2015) (holding defendants could not assert privilege over two documents because a previous federal court had held that they waived privilege over those same documents); *United States v. All Assets at Bank Julius Baer & Co.*, 142 F. Supp. 3d 37, 46 (D.D.C. 2015) (holding the common law qualified privilege against the disclosure of tax returns is waived where not asserted in the first instance).

Second, pursuant to *Jowite*, showing the relevancy of the tax returns is our burden as "[t]he party seeking disclosure."  2019 U.S. Dist. LEXIS 59726, at *11. Showing an alternative source of the information is your burden as "the resisting party."  *Id.*

We have articulated our basis for relevance, including:

1. the profit or loss from farming, and information contained therein, is relevant to the agricultural exemption under the FLSA;
2. the profit or loss from business (Schedule C) for any other business Tripp owned or operated is relevant to the economic realties test and whether she was economically dependent on Perdue or had substantial sources of her own business;
3. the profit or loss from business (Schedule C) for Tripp's grower business is relevant in numerous respects, including, for example, by showing:
   1. investment in her business
   2. employment of workers/helpers and how much she paid in labor charges
   3. assets claimed and net profits
   4. business expenses, both from an investment perspective and to the extent these will be used in connection with the minimum wage claim
   5. other items deducted, such as amortization, to show ownership of assets
   6. whether she had a home office and deducted for the same
   7. cumulative totals for all business expenses deducted and representations to the IRS regarding the same

As our letter makes clear, the courts that have considered the qualified privilege in the context of FLSA misidentification cases have resoundingly held that a plaintiff's tax returns are relevant to the economic realities test. On the other hand, we do not believe Plaintiff will be able to identify appropriate alternative sources for all of the information above. Please provide your response by COB Friday if we are incorrect.

Charlotte

**Charlotte C. Smith (she/her/hers) | Ogletree Deakins**
8529 Six Forks Road, Forum IV, Suite 600 | Raleigh, NC 27615 | Telephone: 919-760-4150
charlotte.smith@ogletree.com | www.ogletree.com | Bio

---

**From:** Robert Tucci <rtucci@zagfirm.com>
**Sent:** Monday, August 25, 2025 10:32 AM
**To:** Santen, Margaret <maggie.Santen@ogletreedeakins.com>; Niccolini, Robert R.
<robert.niccolini@ogletreedeakins.com>; Hishta, Kevin <Kevin.Hishta@ogletreedeakins.com>; Smith, Charlotte C.
<charlotte.smith@ogletreedeakins.com>; Swerdlin, Mark J. <mark.swerdlin@ogletreedeakins.com>; Wooten, Virginia
M. <virginia.wooten@ogletreedeakins.com>; Catoe, Catherine D. <catherine.catoe@ogletreedeakins.com>; Rathmell,
Peter C. <peter.rathmell@ogletreedeakins.com>; Jefferies, Carolyn G. <carolyn.jefferies@ogletreedeakins.com>
**Cc:** Mike Goldberg <mgoldberg@fairmarklaw.com>; Amanda Vaughn <amanda@fairmarklaw.com>; Annie Cleaver
<annie@fairmarklaw.com>; Jamie Crooks <jamie@fairmarklaw.com>; Michael@fairmarklaw.com; Gregg Greenberg
<ggreenberg@zagfirm.com>; Margaret Pace <mpace@zagfirm.com>
**Subject:** Tripp et al. v. Perdue Foods LLC

*[Caution: Email received from external source]*

---

Good morning counsel,

I hope everyone had a nice weekend.

Attached, please find the following:

1. Named Plaintiff Tripp's response letter to Perdue's August 1, 2025 deficiency letter; and
2. Named Plaintiff Tripp's deficiency letter regarding Perdue's responses to Plaintiff Tripp's first set of written discovery requests.

Do not hesitate to let us know if you have any trouble with opening the attachments.

We look forward to seeing you today at 1PM.

Warmly,

Robert W.T. Tucci
Zipin, Amster, & Greenberg LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
301-587-9373 (office)
919-389-7470 (direct)
240-839-9142 (fax)
rtucci@zagfirm.com
www.zagfirm.com

ZIPIN, AMSTER & GREENBERG
LLC

This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA TRIPP,                            *

     *Plaintiff*,                       *

v.                                        *     Civil Action No.: 1:24-CV-00987-JMC

PERDUE FOODS LLC,                         *

     *Defendant*.                       *

       * * * * * * * * * *

**EXHIBIT C**

**TO**

**POSITION STATEMENT**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

ROGER PARKER, on his own behalf and on
behalf of others similarly situated,

                Plaintiff,

v.

PERDUE FOODS, LLC,

                Defendant.

CIVIL ACTION
NO. 5:22-CV-00268-TES

## MOTION FOR LEAVE TO FILE PLAINTIFFS' TAX RETURNS AND CONFIDENTIAL BUSINESS RECORDS UNDER SEAL

COMES NOW Defendant Perdue Foods LLC ("Perdue" or "Defendant") and respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 5.2 and the Court's July 18, 2023 Protective Order [Doc. 47], to file unredacted versions of exhibits in support of Defendant's Response in Opposition to Plaintiff's Motion for Conditional Certification under seal. The exhibits sought to be sealed include: Named Plaintiff Roger Parker's tax returns, submitted as exhibits 11-13 to his deposition; Opt-in Plaintiff Barbara Tripp's tax returns, submitted as exhibits number 10-11 to her deposition; payment schedules submitted as exhibits 5-8 to Plaintiff Parker's deposition and as attachment 2 to the declaration of Michael Levengood; and the Poultry Care Process Verified Program ("PVP") submitted as Exhibit 3 to Levengood's deposition.

1.      In the present lawsuit, Plaintiff alleges, on behalf of himself and all other "similarly situated" growers for Perdue across the country, that they are/were improperly classified as independent contractors and are/were not paid overtime wages in violation of the Fair Labor Standards Act ("FLSA").

2.      On July 18, 2023, the Court entered and approved the Parties' proposed Protective Order. [Doc. 47]. Pursuant to this Order, confidential materials may include, in relevant part, sensitive personal information and/or commercial information, as well as "research and development, financial, technical, marketing, sensitive trade secret information, [and/or] proprietary procedures." [*Id.* at 3, ¶¶ 3a, 3b].

3.      The Stipulation permits the Parties to designate as "Confidential" or "Confidential - Attorneys' Eyes Only" documents containing the above-listed categories of information. [*Id.* at 2, ¶ 2]. Consistent with this provision and subject to the terms of the governing Protective Order, Plaintiffs designated their tax returns as "CONFIDENTIAL" prior to production and in response to discovery requests. Likewise, Defendant produced business records containing confidential proprietary procedures and financial information, including, in relevant part, various payment schedules applicable to Plaintiffs Parker and Tripp.

4.      On January 22, 2024, Defendant filed its Response in Opposition to Plaintiff's Motion for Conditional Certification and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b). [Doc. 59]. In support of its Response, Defendant submitted various exhibits, including the confidential tax returns of Named Plaintiff Roger Parker ("Parker") and Opt-in Plaintiff Barbara Tripp ("Tripp"), as well as a sampling of payment schedules applicable to the business relationship between Plaintiffs, individually, and Defendant Perdue, and the PVP. [Doc. 59-1, 59-2, 59-3, 59-6].

5.      Fed. R. Civ. P. 26(c) provides that a district court may grant a motion to seal documents upon a showing of "good cause." The Eleventh Circuit holds that "[t]he common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the

2

asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "Essentially, good cause exists where '[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information.'" *Smart Profitability Sols., LLC v. Double Check Risk Sols.*, LLC, 2018 WL 6380886, at *17 (N.D. Ga. Aug. 2, 2018) (citing *Romero*, 480 F.3d at 1246).

6.    Courts routinely recognize that entities have a legitimate interest in protecting trade secrets, including customer lists and other confidential customer information. *See Integon Nat'l Ins. Co. v. Dickerson*, No. 4:19-CV-201-MHC, 2020 WL 6335945, at *2 (N.D. Ga. Aug. 14, 2020) (finding good cause existed to seal trade secret and proprietary information contained within plaintiff's discovery responses); *Smart Profitability Sols., LLC*, 2018 WL 6380886, at *18 (granting plaintiff's request to seal exhibits containing trade secrets, including "detailed customer lists"); *Loc. Access, LLC v. Peerless Network, Inc.*, No. 614CV399ORL40TBS, 2015 WL 5897743, at *2 (M.D. Fla. Oct. 7, 2015) (granting defendant's request to file motion for summary judgment and related exhibits under seal, which contained "information about Defendant's customers, confidential contract terms, and valuation of Plaintiffs' business").

7.    The Payment Schedules Defendant seeks to file under seal provide proprietary information on Perdue's value of services and/or goods to be provided by Growers, including, but not limited to, payment formulas, variables impacting payment determinations, and specifications of operations. Maintaining the confidentiality of the information contained in the Payment Schedules is essential to preserving the integrity of Defendant's business.  Likewise, portions of the PVP submitted by Defendant includes confidential and proprietary information regarding

certain growing procedures recommended by Perdue. Any disclosure of such confidential and proprietary information would allow third parties, including direct competitors, to improperly by-pass or frustrate Defendant's safeguards and protections and misappropriate such materials for their own pecuniary gain.  Placing the PVP and Payment Schedules, including above-referenced exhibits, under seal is necessary to prevent disclosure of such confidential and proprietary information to Defendant's competitors. Accordingly, because the PVP and Payment Schedules contain the parties' protectable trade secrets and the public has no countervailing interest that would trump their interests, there is good cause for the Payment Schedules to be sealed.

8.     Moreover, and as defined by Federal Rule of Civil Procedure 5.2, Plaintiffs' tax documents contain confidential personal identifiers, including social security numbers and/or tax identification numbers, and dates of birth, as well as financial information, including, for example, annual income.

9.     While the Protective Order instructs the designating party bears the burden to demonstrate the material should be remain under seal, as it relates to Plaintiffs' tax documents, Defendant makes no objection to the confidential designation of Plaintiffs' tax documents and accordingly seeks to have Plaintiffs' tax documents maintained under seal until the closing of this case, and asks that these documents not be filed into the public record.

10.     Defendant consulted with Plaintiff's counsel regarding this Motion and Plaintiff does not oppose the relief requested herein.

11.     Accordingly, Defendants ask the Court to file the afore-mentioned documents under seal.

12. Consistent with this Court's guidance on filings motions under seal, Defendant contemporaneously submits PDF copies of the documents sought to be sealed to the appropriate divisional email address.

**WHEREFORE**, Defendant respectfully requests that the Court seal unredacted copies of: (1) Named Plaintiff Roger Parker's tax returns, submitted as exhibits 11-13 to his deposition; (2) Opt-in Plaintiff Barbara Tripp's tax returns, submitted as exhibits number 10-11 to her deposition; (3) Payment Schedules attached as exhibits 5-8 to Plaintiff Parker's deposition and as attachment 2 to the declaration of Michael Levengood; and (4) and the Poultry Care Process Verified Program ("PVP") submitted as Exhibit 3 to Levengood's deposition.

Respectfully submitted this 22nd day of January 2024.

/s/ Margaret Santen

5

Margaret Santen
GA Bar No. 578314
Kevin P. Hishta
GA Bar No. 357410
Michael Oliver Eckard
GA Bar No. 238550
**OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.**
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:     404-881-1300
Facsimile:     404-870-1732
maggie.santen@ogletree.com
kevin.hishta@ogletree.com
michael.eckard@ogletree.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

ROGER PARKER, on his own behalf and on
behalf of others similarly situated,

          Plaintiff,

v.

PERDUE FOODS, LLC,

          Defendant.

CIVIL ACTION
NO. 5:22-CV-00268-TES

**CERTIFICATE OF SERVICE**

I certify that on January 22, 2024, I electronically filed the foregoing **MOTION FOR LEAVE TO FILE PLAINTIFFS' TAX RETURNS AND CONFIDENTIAL BUSINESS RECORDS UNDER SEAL** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

T. Brandon Waddell
Ga. Bar No. 252639
Jarred A. Klorfein
Ga. Bar No. 562965
CAPLAN COBB LLC
75 Fourteenth Street, NE, Suite 2700
Atlanta, Georgia 30309
Telephone: (404) 596-5600
bwadell@caplancobb.com
jklorfein@caplancobb.com

Jamie Crooks*
D.C. Bar No. 156005
FAIRMARK PARTNERS, LLP
1825 7th St NW, #821
Washington, DC 20001
Telephone: (617) 721-3587
jamie@fairmarklaw.com

*Counsel for Plaintiff and the Putative Class*
* admitted *pro hac vice*

7

/s/ Margaret Santen
Margaret Santen
GA Bar No. 578314
**OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.**
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:     404-881-1300
Facsimile:      404-870-1732
maggie.santen@ogletree.com